**Mervin C. McKINNEY, Appellant,**

v.

**Joseph BOYLE et al., Appellee.**

**No. 22374.**

United States Court of Appeals
Ninth Circuit.

Dec. 4, 1968.

Rehearing Denied Dec. 18, 1968.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1481.

Mervin C. McKinney, in pro per.

Kenneth S. Scoville (appeared), Leroy W. Hofmann, Phoenix, Ariz., for appellee.

Before HAMLEY, DUNIWAY and CARTER, Circuit Judges.

DUNIWAY, Circuit Judge:

This is a diversity action for damages growing out of an automobile accident which occurred on April 7, 1961. The suit was commenced by Mervin C. McKinney on April 26, 1961. It was dismissed with prejudice on December 4, 1962, pursuant to a stipulation of that date signed by the attorneys for all parties, including plaintiff. On June 16, 1967, plaintiff, proceeding under Rule 60(b), Federal Rules of Civil Procedure, moved to vacate and set aside the order dismissing the action. McKinney appeals from the order denying that motion.

■ Defendants moved to dismiss the appeal on the ground that the motion had not been filed in the district court within the time provided by Rule 60(b) (3). This would be a reason for affirming the order of the district court denying the motion, but would not be an appropriate ground for dismissing the appeal. The motion to dismiss the appeal is therefore denied.

■ Plaintiff moved in this court to require defendants to supplement the record by supplying copies of a document, and providing other information not now in the record before us, and which had not been produced in the district court proceedings. The motion is denied.

In his complaint, McKinney sought special damages in an unspecified amount, and general damages in the sum of $50,000. Defendants counterclaimed against McKinney for damages in the sum of $510,450, and cross complained against additional parties for damages in the same amount. As plaintiff, McKinney was represented by one firm of attorneys; as cross defendant, by another firm. Both firms signed the stipulation for dismissal.

The Rule 60(b) motion was made on the ground of "fraud and deceit." In a supporting affidavit, McKinney alleged in substance: He refused all offers of settlement, never accepted or entered into any settlement, never authorized his attorney to settle, never gave his former wife any authority to settle, and never authorized anyone to settle. The defendants and their attorneys and his former wife, who obtained a divorce in February, 1963, conspired to effectuate a settlement by fraud, without McKinney's knowledge, for the purpose of obtaining money for McKinney's injuries. The fraud was known to McKinney's insurance company. McKinney does not know what the settlement was and has received nothing from it. He then says:

"That prior to December 23, 1963, and since July 18, 1962, I was outside the continental limits of the United States, and since December 23, 1963, I have been illegally incarcerated and not a free agent, unable to prosecute or handle my legal affairs in the proper manner.

"That I was uninformed of the illegal and fraudulent settlement of the herein attached civil matter by the parties at interest until approximately the month of September, 1966. That since that time, I have diligently sought copies of the entire civil file on the matter, that said copies were obtained from the court and forwarded to me by Mrs. Viola McKinney, my mother. That after having received said copies, I did prepare and submit to this instant Court, a 'Notice of Intent to file Civil and Criminal Complaint.' That said complaint was never filed, that I was denied permission to proceed in forma pauperis and that the aforementioned 'complaint' documents were returned to me about June 5, 1967."

Defendants resisted the motion on the sole ground that it was not timely, because not filed within one year, as required by Rule 60(b) and our decision in Kathe v. United States, 9 Cir., 1960, 284 F.2d 713. No evidence, by affidavit or otherwise, was offered in opposition to the motion.[1] We assume, therefore,

---

1. At oral argument, on the motion below, counsel for defendants Boyle stated that he secured written releases signed by plaintiff and witnessed by his attorney.

He did not produce them, however. We can hardly sustain the order on the basis of this unsworn statement.

**634**

that the court denied the motion as not timely because barred by the one year requirement of the rule. For the purpose of the appeal, we assume that plaintiff's factual allegations are true, as we would on a motion to dismiss.[2]

The pertinent provisions of Rule 60(b) are:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) * * * (2) * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * or (6) any *other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

■ In the trial court defendants relied upon the one year period applicable to ground (3). Evidently, the trial court did also. This, we hold, was error. Ground (3) is "fraud * * * misrepresentation or other misconduct *of an adverse party.*" [Emphasis added.] But the main charge made by plaintiff is fraud on the part of his own counsel and his former wife. This, we think, brings him within ground (6), as to which there is no fixed time limit. See Klapprott v. United States, 1949, 335 U.S. 601, 613–615, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099; Cavalliotis v. Salomon, 2 Cir., 1966, 357 F.2d 157, 159; L. P. Steuart, Inc. v. Matthews, 1964, 117 U.S.App.D.C. 279, 329 F.2d 234; Radack v. Norwegian American Line Agency, Inc., 2 Cir., 1963, 318 F.2d 538, 542; Marquette Corp. v. Priester, E.D.S.C., 1964, 234 F.Supp. 799, 803; 7 Moore's Federal Practice, 2d ed. (1968), § 60.24[5], pp. 255–56. We

need not perform a semantic tour-de-force to achieve the result that we reach, as Judge Learned Hand did in United States v. Karahalias, 2 Cir., 1953, 205 F. 2d 331, 335. That case did not involve a charge of fraud directed at a party's own counsel or his wife; this one does.

Whether plaintiff can prove his allegations is another matter. We think that we should follow the procedure used by the Supreme Court in Klapprott v. United States, supra, 336 U.S. 942, 69 S.Ct. 384.

The order is reversed and the cause is remanded with directions to receive further evidence relating to the plaintiff's motion to set aside the order of dismissal, and to decide the motion. This order does not limit the authority of the trial court to determine whether the motion was filed within a reasonable time, or, if it should grant the motion, to impose such terms as are just.

---

2. On brief in this court, counsel for defendants Boyle deny the accusations, at least so far as they relate to those counsel and their clients. Our assumption is not a holding to the contrary. It is merely the necessary product of the present state of the record.