**Diego VINDIGNI, Plaintiff-Appellant,**

v.

**P. MEYER, Defendant-Appellee.**

**No. 406, Docket 35236.**

United States Court of Appeals, Second Circuit.

Argued Jan. 20, 1971.

Decided March 26, 1971.

Lester E. Fetell, Brooklyn, N. Y. (Sergi & Fetell, Brooklyn, N. Y., on the brief), for plaintiff-appellant.

Joseph T. Stearns, New York City (William P. Kain, Jr., Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant-appellee.

Before MEDINA, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York, issued on July 9, 1970, denying appellant's motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate an order of dismissal entered on October 9, 1969.

Plaintiff-appellant, a longshoreman, claims to have sustained personal injuries during the course of his employment aboard defendant-appellee's vessel. Plaintiff retained one John J. Ennis to represent him. A civil jury action was commenced in the United States District Court for the Southern District of New York on August 23, 1967. Issue was joined on June 12, 1968 by the filing of an answer coupled with interrogatories and notice of taking of plaintiff's deposition. These papers and all subsequent papers were served upon plaintiff's attorney, Ennis. However, Ennis was, at a time that on this record is not clear, no longer attending to his practice and had reportedly "disappeared." Since plaintiff was unaware of the status of his action and of the service of the interrogatories and notice of the taking of his deposition, he did not respond. Defendant thereupon moved for an order striking the complaint because of plaintiff's failure to appear for his deposition and to answer the interrogatories. Notice of this motion was served upon Ennis and plaintiff states he was not aware that such a motion had been made. When no one appeared in opposition to the motion the district court on December 12, 1968 ordered the complaint dismissed unless the plaintiff appeared for the taking of his deposition and answered the interrogatories within sixty days. Notice of this order was served on Ennis, and of course, plaintiff did not respond. Defendant then moved to strike plaintiff's complaint for failure to obey the order of December 12. Since no one appeared in opposition the district court on October 8, 1969 dismissed the complaint. It is a question whether plaintiff ever heard of this order. He denies any knowledge of it.

In June, 1970, plaintiff's present attorneys were substituted by court order in place of Ennis, and they immediately moved for an order vacating the judgment of dismissal. The court denied plaintiff's motion on the ground that plaintiff personally neglected his case in that he "let eighteen months go by before inquiring about the status of his pending lawsuit."

Normally the dismissal of an action for failure to prosecute is a matter within the discretion of the district court judge. Fischer v. Dover Steamship Co., Inc., 218 F.2d 682 (2d Cir. 1955). In the present case, however, we have the unusual fact of the complete disappearance of plaintiff's attorney.

Although the district court found that plaintiff "let eighteen months go by before inquiring about the status of his pending lawsuit," plaintiff's affidavit states that he "tried diligently to find Mr. Ennis." We do not know what efforts plaintiff made or what assurances he may have received from Ennis's office where somebody apparently remained to answer the telephone for some time after Ennis's disappearance. We believe that this case should be remanded for a full evidentiary hearing on the issue of whether plaintiff in fact neglected his suit. See Welden v. Grace Line, Inc., 404 F.2d 76 (2d Cir.1968).

The procedure followed in this case of sending all notices, motions and orders to Ennis after it was known that he had disappeared seems to us to indicate a disposition to take refuge in the empty formality of fulfilling the letter of the legal requirements while disregarding the realistic demands presented by the situation. Surely once it became known that Ennis had disappeared, notice of action proposed or taken should also have been sent to plaintiff personally. In the absence of a court order directing such service, the defendant's at-

torneys were at fault for failing to do what common sense required. In doing so they took unfair advantage of the plaintiff. See Negron v. Peninsular Navigation Corp., 279 F.2d 859 (2d Cir. 1960).

In reversing the order in this case, we do not depart from the regular course of our decisions upholding discretionary orders of dismissal for failure to prosecute. See, e.g., Redac Project 6426, Inc. v. Allstate Insurance Co., 412 F.2d 1043 (2d Cir.1969); Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir.1967); Hines v. Seaboard Air Line Railroad Co., 341 F.2d 229 (2d Cir.1965); Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M. B. H. v. Universal Terminal & Stevedoring Corp., 324 F.2d 234 (2d Cir.1963); Ohliger v. United States, 308 F.2d 667 (2d Cir.1962); Parker v. Broadcast Music, Inc., 289 F.2d 313 (2d Cir.1961); Fischer v. Dover Steamship Co., Inc., *supra*. The facts here are readily distinguishable from the facts in those decisions.

Reversed and remanded for an evidentiary hearing.