**BEN SAGER CHEMICALS INTERNATIONAL, INC., Plaintiff-Appellee,**

v.

**E. TARGOSZ & CO.,
Defendant-Appellant,**

and

**Thorson Chemical Corp.,
Defendant-Appellee.**

No. 76–2151.

United States Court of Appeals,
Seventh Circuit.

Argued April 19, 1977.

Decided Aug. 17, 1977.

David J. Griffin, Chicago, Ill., for defendant-appellant.

Peter B. Freeman, Lionel Gross, John C. Loring, Chicago, Ill., for plaintiff-appellee.

Before PELL, TONE and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant-appellant E. Targosz and Company (hereinafter referred to as defendant) appeals from the district court's denial of relief from a final judgment pursuant to Fed.R.Civ.P. 60(b)(1) and (6).[1] De-

---

1. Rule 60(b) provides in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacat-

fendant also asserts that this case was improperly removed from state court. For the following reasons, we affirm the judgment of the district court.

The facts are as follows.

Plaintiff-appellee Ben Sager Chemicals, International, Inc. (hereinafter referred to as plaintiff) filed a two count complaint in the Circuit Court of Cook County, Illinois against defendant and Thorson Chemical Corporation (hereinafter referred to as Thorson). Plaintiff alleged in Count 1 that defendant breached a contract requiring defendant to purchase 300,000 gallons of methanol from plaintiff at 76¢ per gallon. Plaintiff in Count 2 sought declaratory relief against Thorson. Specifically, plaintiff requested in Count 2 that the court find that an oral conversation between plaintiff and Thorson did not create a contract requiring plaintiff to accept delivery of 300,-000 gallons of methanol from Thorson.

On April 11, 1975, Thorson filed a Petition for Removal pursuant to 28 U.S.C. § 1441(a) and (c).[2] Thorson thereafter filed an answer and counterclaim in federal court. A copy of this answer and counterclaim with the caption "United States District Court, Northern District of Illinois, Eastern Division" was sent to defendant's office. Defendant did not then contest the propriety of Thorson's petition for removal.

Thorson on June 4, 1975, filed a motion requesting that defendant produce documents for inspection and copying. Similarly, plaintiff on July 9, 1975, served interrogatories on defendant and also requested that defendant produce documents. A copy of the above discovery requests were sent to Alan Edelstein, attorney for defendant.

On July 28, 1975, Thorson filed a motion pursuant to Fed.R.Civ.P. 37 to compel defendant to produce documents. Thorson alleged that defendant had failed either to produce documents or state objections to the requested discovery. Thorson also alleged that defendant's lawyer had ignored and refused to answer any of the telephone inquiries made by counsel for Thorson. The district court on August 5, 1975, granted Thorson's motion to compel production of documents.

After defendant continued to fail to comply with Thorson's discovery request, Thorson on September 15, 1975, filed a motion pursuant to Fed.R.Civ.P. 37(d)(2) seeking to impose sanctions against defendant. On September 16, 1975, Salvatore Abbene, an attorney acting on behalf of Edelstein, turned over copies of some of the requested documents. Abbene also delivered a letter from Edelstein to Thorson which stated that defendant was still searching its records for the remainder of the requested documents. The district court on September 17, 1975, held a hearing on Thorson's Rule 37 motion. Defendant's attorney did not attend the hearing. The district court in granting Thorson's motion on September 19, 1975, required defendant to pay Thorson the sum of $525.50 as reasonable expenses caused by defendant's failure to produce the requested documents.

Plaintiff on September 23, 1975, filed a motion pursuant to Fed.R.Civ.P. 37(d) for judgment and costs against defendant for failure to comply with discovery requests. Although defendant's attorney was notified that the motion would be presented in court on October 1, 1975, defendant's attorney failed to attend the court proceeding. The

---

ed, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2. 28 U.S.C. § 1441(a) and (c) provide as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending.

\* \* \* \* \* \*

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

district judge, therefore, entered judgment against defendant in the amount of $137,-118.66, together with interest and costs.

Thereafter, plaintiff and Thorson entered into a settlement agreement. Pursuant to the settlement agreement, plaintiff assigned its judgment against defendant to Thorson. The settlement further set forth a schedule for dividing proceeds collected from the judgment between plaintiff and Thorson. Because of this settlement agreement, the district judge on February 19, 1976, dismissed the remainder of plaintiff's suit and Thorson's counterclaim.

Thorson on August 18, 1976, sought to execute the judgment against defendant. Defendant on August 26, 1976, filed a motion pursuant to Fed.R.Civ.P. 60(b)(1) and (6) for relief from the judgment.

Defendant asserted in support of its Rule 60(b)(1) and (6) motion that the neglect of Edelstein resulted in entry of the default judgment. Defendant submitted affidavits from Eugene Targosz, an officer of and shareholder in defendant, and Nancy Targosz, corporate secretary of defendant, to support this argument. Through the affidavits, defendant made the following contentions. First, the affidavits asserted that Edelstein failed to inform defendant about the following: 1) that the case had been removed to federal court; 2) that requests for defendant to produce documents and answer interrogatories had been submitted by the other parties in the suit; and 3) that court ordered sanctions and a default judgment had been imposed because of noncompliance with the discovery requests. Defendant also claimed diligence in determining the status of the case. Defendant through the affidavits contended that during the summer of 1975 and in September and October of 1975, while consulting with Edelstein on other legal matters, Edelstein assured defendant that all was proceeding normally in the case at bar. Defendant further claimed that it was first informed that a default judgment had been entered when a citation to discover assets was served on defendant on August 16, 1976. Defendant stated that after learning of the default judgment and after attempting without success to contact Edelstein, defendant retained a new attorney, David J. Griffin. Defendant further claimed that it learned for the first time on August 19, 1976, through Griffin's efforts that Edelstein had been disbarred on January 26, 1976.

The district court denied defendant's Rule 60(b) motion. In denying defendant's contention that relief was proper under Rule 60(b)(1), the district judge concluded that Edelstein's actions in failing to represent the interests of his client did not constitute excusable neglect. The district judge relying on *L. P. Steuart, Inc. v. Matthews,* 117 U.S.App.D.C. 279, 329 F.2d 234 (1964), *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35, then assumed that relief could be available under Rule 60(b)(6) to a diligent client where the attorney's actions are grossly inexcusable. The district court, however, after balancing the equities also denied relief under Rule 60(b)(6). The district judge placed emphasis on the reliance of plaintiff and Thorson on the default judgment in entering into the settlement agreement. The district judge also indicated that it was not fully convinced of the diligence of defendant:

> From the affidavits and the briefs it is apparent that Targosz was content to consult with Edelstein once or twice a year with regards to a substantial contract claim filed against it. Indeed it seems that Targosz did not attempt to obtain information on the case for over nine months between October, 1975, and August, 1976. Targosz seemed content to rely upon the probability that the suit was stagnating in the overcrowded dockets of the state courts. Furthermore, a commercial enterprise that engages in large-scale business transactions should be held to a higher standard of diligence * * * At some point even clients who have been deceived by their counsel must be held to have knowledge of judgments entered in their case * * * (Citations omitted).

Finally, the district judge noted that defendant was not left without remedy since defendant could sue Edelstein for malpractice.

A district court will not be reversed for a denial of a Rule 60(b) motion in the absence of an abuse of discretion. *Beshear v. Weinzapfel*, 474 F.2d 127, 130 (7th Cir. 1973); *Sadowski v. Bombardier Ltd.*, 539 F.2d 615 (7th Cir. 1976). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *DiVito v. Fidelity and Deposit Company of Maryland*, 361 F.2d 936, 938 (7th Cir. 1966).

Relief from a judgment entered due to error of counsel is generally sought pursuant to Rule 60(b)(1) on the theory that counsel's error constitutes mistake or excusable neglect. *United States v. Cirami*, 535 F.2d 736 (2d Cir. 1976). In order to qualify for Rule 60(b)(1) relief, the "movant must demonstrate that he has a meritorious defense *and* that arguably one of the four conditions for relief applies—mistake, inadvertence, surprise or excusable neglect." *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973); Accord *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1). *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972).

Defendant admits that its former attorney, Edelstein, was guilty of neglect. Defendant asserts, however, that Edelstein's conduct was excusable since Edelstein was preoccupied with other legal matters and beset with personal problems such as disbarment. There is, however, nothing in the record to support defendant's contentions that discovery requests were not complied with because Edelstein was preoccupied with personal matters. "[A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence." Wright and Miller, *Federal Practice & Procedure*, § 2858, p. 170. (Footnotes omitted). In the absence of some showing by defendant which would justify the neglect of Edelstein, we cannot say that the district court abused its discretion in denying relief.

As an alternate theory for relief, defendant argues that the district court abused its discretion in not granting relief pursuant to Rule 60(b)(6). Professor Moore explains as follows the impetus for application of Rule 60(b)(6) to gross negligence of counsel:

> The question presented on the motion is whether the conduct is excusable neglect. Obviously the greater the negligence involved, or the more willful the conduct, the less "excusable" it is; on the other hand, the more inexcusable it is, the greater the natural sympathy with the ultimate victim. Some courts have resolved this dilemma by treating "gross" negligence by counsel as constituting special circumstances taking the case out of subdivision (b)(1), and affording relief under (b)(6). 7 J. Moore, *Federal Practice* ¶ 60.27[2] at 366. (Footnote omitted).

The leading case supporting relief under Rule 60(b)(6) for gross negligence of counsel is *L. P. Steuart, Inc. v. Matthews*, 117 U.S. App.D.C. 279, 329 F.2d 234 (1964), *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35. In *Steuart*, plaintiff's complaint was dismissed for failure to prosecute. Two years later, plaintiff by new counsel moved to reinstate the suit. In support of the motion to reinstate, the former counsel of plaintiff submitted an affidavit that he had been preoccupied with the serious illness of his wife and recent deaths of his parents. Plaintiff also submitted an affidavit that he and others in his behalf made numerous inquiries of his former counsel. Plaintiff's affidavit further asserted that his former counsel refused to answer inquiries and also assured plaintiff that a settlement would soon be reached. Plaintiff learned that his case had been dismissed only after personally checking with the Clerk of the District Court. His former counsel assured plaintiff that steps would be taken to reinstate the case but no action was thereafter taken. The court held that relief was properly granted pursuant to Rule 60(b)(6):

On the part of [plaintiff] himself there was no neglect . . . Clause (1) of Rule 60(b) is not and Clause (6) is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client. Clause (6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–615, 69 S.Ct. 384, 93 L.Ed. 266 (1949). *Steuart,* 329 F.2d at 235–6.

There is also contrary authority, however, which holds that gross neglect of a freely chosen counsel is the neglect of the client and therefore is cognizable only under Rule 60(b)(1). *Steuart,* 329 F.2d 237–8 (Miller, J., dissenting); See *Schwarz v. United States,* 384 F.2d 833 (2d Cir. 1967); *United States v. Cirami,* 535 F.2d at 740–1. The reluctance by courts to relieve a client of a judgment entered because of a mistake or neglect of an attorney is supported by language in Mr. Justice Harlan's opinion in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–4, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962):

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." (Citation omitted).

"While *Link* was not a Rule 60 case . . . its reasoning has been found applicable to that Rule by Professor Moore, who has commented extensively on the issue, 7 J. Moore, *Federal Practice* ¶ 60.27[2] at 365–72." *Cirami,* 535 F.2d at 740.

We need not decide, however, whether Rule 60(b)(6) is a proper avenue for relief from a judgment where a freely chosen attorney is grossly negligent. Even if we chose to follow the holding in *Steuart,* defendant would nonetheless fail.[3]

In *United States v. Cirami, supra,* the Internal Revenue Service sued defendants to reduce tax assessments to judgment. When defendants failed to file opposition to a motion for summary judgment, the district court entered judgment against defendant. Thereafter, defendant through a new attorney filed a motion for relief from the default judgment pursuant to Rule 60(b)(6). The court held that even assuming that gross negligence of counsel provides a basis for Rule 60(b)(6) relief, a question not there decided, the record failed to establish that relief was warranted:

> The exceptional circumstances relied upon by the appellants here is the fact that their then-counsel, Newman, permitted the United States to take summary judgment for more than $270,000 by default for reasons described by appellants as "unknown." We have been provided with no affidavit of Newman which would cast any light on the circumstances of his failure to contest the government's motion for partial summary judgment. Neither have we received any affidavits from present counsel of appellants which would indicate what efforts, if any, have been made to elicit Newman's testimony, either voluntarily or under subpoena. We have only been told on oral argument that Newman is not speaking to his former clients. The affidavit of Salvatore Cirami is hardly illuminating. In addition to the vagueness already seen there is no indication that any efforts were made by Cirami or his wife to ascertain

---

**3.** Although we choose not to decide this question, we note that neglect of counsel would be the factual basis for relief under both Rules 60(b)(1) and 60(b)(6). We have stated, however, that "Rules 60(b)(1) and 60(b)(6) are mutually exclusive so that they both cannot apply to the same alleged factual situation." *Bershad v. McDonough,* 469 F.2d at 1336, n. 3 (7th Cir. 1972).

at the time the status of the matter or the activity, if any, of his then-counsel. Cirami is an experienced businessman and no stranger to the activities of the Internal Revenue Service . . . We cannot find that the court below abused its discretion in denying the relief requested. On the record before us we are totally uninformed of the reasons for the failure of the appellants' former counsel to contest the motion for summary judgment or whether the failure was deliberate or inadvertent. 535 F.2d at 739.

Thus, the court in *Cirami* required some showing of reasons why counsel failed to oppose the motion for summary judgment. The court also emphasized the absence of diligence by defendants. Similarly, in *Steuart, supra,* plaintiff presented an affidavit by plaintiff's former attorney which explained why he had neglected the lawsuit. In addition, plaintiff's affidavit demonstrated that plaintiff diligently kept track of his case.[4]

■ In the case at bar, there is neither evidence as to why Edelstein neglected to comply with discovery nor a showing that defendant diligently watched over the lawsuit. As in *Cirami,* defendant failed to submit either an affidavit from Edelstein or an affidavit from its present attorney detailing efforts made to elicit Edelstein's testimony. As the court indicated in *Cirami,* 535 F.2d at 739, efforts could have been made to obtain Edelstein's testimony voluntarily or through subpoena. Thus, we are left with defendant's unsupported statement that Edelstein was preoccupied with personal problems. In addition, affidavits submitted by defendant do not show that defendant diligently kept track of the lawsuit. Although defendant claims that it did not know that the case had been removed to federal court, Thorson's answer and counterclaim with a federal court caption was sent to defendant's office. Similarly, defendant's affidavits do not indicate that defendant made frequent inquiry as to the status of the case. On the contrary, the affidavits indicate only that defendant while consulting with Edelstein about other legal matters in 1975 was assured by Edelstein that the case was proceeding without problem. There is no evidence in the record which shows that defendant attempted to determine the state of this case after October, 1975, until a citation to discover assets was served on defendant in August, 1976.

■ Thus, even assuming that Rule 60(b)(6) provided a basis for relief, we cannot say that the district court abused its discretion in refusing to relieve defendant from the default judgment.[5]

4. *Vindigni v. Meyer,* 441 F.2d 376 (2d Cir. 1971), could also arguably support the availability of Rule 60(b)(6) as a basis for obtaining relief from gross neglect of counsel. However, the court in *Vindigni* noted that the motion was made under Rule 60(b) without further specification. In addition, *Vindigni* is distinguishable from the present case since the appellate court's reversal of the district court's denial of the Rule 60(b) motion was prompted both by the complete disappearance of plaintiff's attorney and plaintiff's affidavit which alleged diligence in attempting to find his attorney.

5. Defendant suggests in his brief that Rule 60(b)(6) relief could also be granted because of fraud on the part of Edelstein. Defendant relies on *McKinney v. Boyle,* 404 F.2d 632 (9th Cir. 1968), cert. denied, 394 U.S. 992, 89 S.Ct. 1481, 22 L.Ed.2d 767, to support this argument. We believe, however, that *McKinney* is distinguishable.

In *McKinney,* plaintiff filed a Rule 60(b) motion on the grounds of fraud and deceit by his attorney and his former wife. Plaintiff submitted an affidavit in support of his motion. Defendants, on the other hand, resisted the motion solely on the ground that it was not timely filed within the one year period for Rule 60(b)(3). Defendants did not submit counteraffidavits in opposition to the motion. For purposes of appeal, the court in *McKinney* assumed that the trial court denied plaintiff's motion on the basis of timeliness. The court also assumed for purposes of appeal that allegations in plaintiff's complaint were true. The court in *McKinney* reversed the district court on the ground that plaintiff's allegations should have been considered under Rule 60(b)(6) which has no fixed time limit rather than Rule 60(b)(3). The case was accordingly remanded for further consideration under Rule 60(b)(6). Thus, the court in *McKinney* did not find that a cause of action for fraud had been shown. On the contrary, the court only assumed that allegations of fraud were true for purposes of appeal and remanded the case for further consideration.

Defendant also asserts that this case was improperly removed from state court pursuant to 28 U.S.C. § 1441(c), since Count 1 and Count 2 of plaintiff's complaint do not constitute separate and independent claims or causes of action. Defendant did not, however, contest this question at the time the petition for removal was filed. Nor did defendant file a Rule 59 motion or take timely appeal on this point. Thus, although defendant has not phrased his argument concerning the propriety of removal as a Rule 60(b) motion, we believe that under these circumstances Rule 60(b) provides the only potential basis for attacking the removal of this case from state court.

The only portion of Rule 60(b) that is arguably relevant to defendant's contentions is 60(b)(4) which applies to void judgments. As plaintiff points out, defendant does not argue that the district court usurped power by exercising jurisdiction over a class of cases beyond the scope of its authority. Instead, defendant is contending only that the district court improperly applied § 1441(c) to the facts in this case.

■■■■■ As Professor Moore has indicated, the concept of a void judgment is narrowly drawn in the interest of finality. Moore, *supra,* ¶ 60.25[2], p. 301. A void judgment has been narrowly defined, therefore, to exist only where a court usurps power by rendering a judgment over matters beyond the scope of authority granted to it by its creators. Moore, *supra,* ¶ 60.25[2], pp. 300–307; *Des Moines Navigation and Railroad Company v. Iowa Homestead Company,* 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887); *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). Where, as in the present case, the lower court had jurisdiction over the class of cases in which it rendered a judgment pursuant to § 1441(c), the determination that plaintiff's claims were separate and independent causes of action was an exercise by the lower court of its power to determine its own jurisdiction.

Defendant in the present case failed to support allegations of fraud by his attorney. Thus, for the same reasons that we denied defendant's Rule 60(b)(1) and 60(b)(6) motions, we

That judgment is not subject to collateral attack pursuant to Rule 60(b)(4). Moore, *supra* ¶ 60.25[2]; See, *Des Moines Navigation and Railroad Company, supra; Noble v. Union River Logging Railroad Co.,* 147 U.S. 165, 13 S.Ct. 271, 37 L.Ed. 123 (1893); *Stoll, supra; United States v. Mine Workers,* 330 U.S. 258, 292, n. 57, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

For the foregoing reasons, the judgment of the district court is affirmed.

find that defendant has not made a sufficient showing of fraud to warrant relief from the judgment.