42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PERMANENT CHARITIES COMMITTEE OF the ENTERTAINMENT
INDUSTRIES, Plaintiff-Appellee,
v.
RH GROUP, INC., et al., Defendants,
and
Phillip J. Horowitz, Defendant-Appellant.
 No. 93-55865.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Dec. 7, 1994.
 
 1
 Before: FLETCHER and FERNANDEZ, Circuit Judges, and SEDWICK,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Phillip J. Horowitz and RH Group, Inc., et al. ("Horowitz") appeal the district court's summary judgment decision and the denial of relief under Fed.R.Civ.P. 60(b), in favor of the Permanent Charities Committee of the Entertainment Industries ("Permanent Charities") in its action pursuant to the Lanham Act, 15 U.S.C. Sec. 1051 et seq., and RICO, 18 U.S.C. Sec. 1961 et seq., alleging that RH Group fraudulently withheld charitable contributions received by RH Group on behalf of Permanent Charities, and continued to use its name and logo in soliciting charitable contributions from which Permanent Charities received no benefit.
 
 
 4
 The district court had jurisdiction for alleged violations of the Lanham Act under 15 U.S.C. Secs. 1121, 1125(a) and the Racketeering Influence and Corrupt Organizations Act under 18 U.S.C. Sec. 1962(a-d). This court has appellate jurisdiction under 28 U.S.C. Sec. 1291.
 
 I.
 
 5
 Appellant's attorney, Mr. Spritz, failed to file an opposition to Permanent Charities' motion for summary judgment. The district court granted the motion.
 
 
 6
 We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994); Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Spritz did not file any opposition to Permanent Charities' motion for summary judgment on behalf of Horowitz and the other defendants. Therefore, we accept, as does the district court, the facts as alleged by the plaintiff if there is adequate support in the record. We look then to see if the plaintiff is entitled to judgment as a matter of law. Thus we would look de novo at the adequacy of the support for the facts as well as the law.
 
 
 7
 Under Local Rule 7.14.3 of the Central District of California, the district court "will assume that material facts as claimed and adequately supported by the moving party are admitted" if the opposing party does not controvert those facts. As we stated in Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988), Local Rule 7.14.3 "serves as adequate notice to nonmoving parties that if a genuine issue exists for trial, they must identify that issue and support it with evidentiary materials, without the assistance of the district court judge." Under Fed.R.Civ.P. 56(e) "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." This rule "makes clear the substantial risk of an adverse judgment to a nonresponding party." 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure, Sec. 2739 (1983 & Supp.1994).
 
 
 8
 Appellants argue that they should be excused for failing to file opposition because of "exceptional or egregious circumstances" and cite Staatz v. Dupnik, 789 F.2d 806 (9th Cir.1986). Staatz is not on point. In Staatz this court affirmed the denial of a petition for habeas corpus on the grounds that Staatz's failure to authorize the filing of a Rule 32.1(g) petition was not an exceptional circumstance. Appellants cite no other Ninth Circuit authority in support of their argument. We do not find the instant case to be exceptional. There is no question that Spritz did a poor job representing his clients. But we cannot conclude that the district court abused its discretion in granting summary judgment in favor of Permanent Charities. See Yusov v. Yusuf, 892 F.2d 784 (9th Cir.1989) (court declined to set aside default judgment for failure to file opposition). The district court was within its discretion to grant Permanent Charities' motion for summary judgment. We affirm the district court's ruling.
 
 II.
 
 9
 Horowitz contends the district court erred in not granting his motion to reconsider the order granting summary judgment under Fed.R.Civ.P. 60(b). Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent some abuse of discretion. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993); Northern Alaska Environmental Center v. Lujan, 961 F.2d 886, 889 (9th Cir.1992). "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991) (citations omitted).
 
 
 10
 Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60(b)(6) requires a party to "show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." Pioneer Inv. Servs. v. Brunswick Assocs., 113 S.Ct. 1489, 1497 (1993). Such relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 114 S.Ct. 60 (1993). See also Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir.1977) (holding that Rule 60(b) movant must demonstrate that he or she " 'has a meritorious defense and that arguably one of the four conditions for relief applies--mistake, inadvertence, surprise or excusable neglect.' ") (citation omitted) (emphasis in the original). Rule 60(b) requires "some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." 11 Charles A. Wright, Arthur R. Miller, Federal Practice and Procedure, Sec. 2858 (1973 & Supp.1994).
 
 
 11
 Horowitz does not state which subsection of rule 60(b) he wishes to rely upon. However, Horowitz does appear to tie the "excusable neglect" portion of 60(b)(1) to a claim for relief arising from Spritz's failure to file opposition. We assume that Horowitz claims relief under Rule 60(b)(1). Courts will grant a client relief from an attorney's conduct only in very limited circumstances, such as the attorney's death or the diagnosis of a debilitating medical condition. See, e.g., United States v. Cirami, 563 F.2d 26, 34 (2d Cir.1977) (attorney suffering from psychological disorder which caused him to neglect client presents an extraordinary event justifying relief); Vindigni v. Meyer, 441 F.2d 376, 377 (2d Cir.1971) (attorney was "no longer attending to his practice and had reportedly 'disappeared' ").
 
 
 12
 Horowitz explains the failure to file opposition as the fault of a messenger service which, apparently, lost the opposition prepared by a paralegal that lacked Spritz's signature. Curiously, no copies were ever offered to the court as proof of the opposition's completion. There is evidence that Horowitz was aware of Spritz's failure to file an opposition prior to the court's grant of summary judgment. Horowitz was told by a co-defendant a week before the hearing that no opposition had been filed. Horowitz acknowledged that months before summary judgment was granted Spritz mentioned he wished to withdraw from the case. Horowitz did not accept this withdrawal, nor begin to represent himself, nor hire another attorney.
 
 
 13
 Horowitz cannot argue that the entry of summary judgment was not foreshadowed or totally outside the realm of his knowledge. Nor can he argue that he is entitled to relief on the basis of his attorney's carelessness or disregard of the rules.
 
 
 14
 Courts will not allow judgments to be set aside for reasons such as those proffered here. As this Court has ruled, Counsel for litigants ... cannot decide when they wish to appear, or when they will file those papers required in a lawsuit. Chaos would result.... There must be some obedience to the rules of the court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself.
 
 
 15
 Smith v. Stone, 308 F.2d 15, 18 (9th Cir.1962) (attorney's failure to follow ordinary court procedure and rules was not excusable inadvertence or neglect under Rule 60(b)); See also Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir.1971), cert. denied, 405 U.S. 974 (1972) (petitioner's failure to appeal the dismissal of the action was due to his lack of diligence and was not "excusable neglect" under Rule 60(b)(1)); Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990) (if failure to submit evidentiary materials is solely due to attorney's carelessness, then it would be an abuse of discretion for the court to grant Rule 60(b) relief), cert. denied, 114 S.Ct. 171 (1993); Lomas and Nettleton Co. v. Wiseley, 884 F.2d 965, 967 (7th Cir.1989) (district court would abuse its discretion in granting Rule 60(b) relief on the basis of attorney's negligent mistake). The district court did not abuse its discretion in denying Horowitz's Rule 60(b) motion for relief from judgment.
 
 III.
 
 16
 Appellants contend that Horowitz's status as RH Group's alter ego was a triable issue of fact that is now precluded by the district court's grant of summary judgment. The district court ruled, independent of its ruling against RH Group, that Horowitz is the alter ego of RH Group. We review the district court's findings of fact for clear error. Fed.R.Civ.P. 52(a); Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Service Employees Int'l Union v. Fair Political Practices, 955 F.2d 1312, 1317 n. 7 (9th Cir.) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985)), cert. denied, 112 S.Ct. 3056 (1992).
 
 
 17
 On the motion to reconsider, the court considered all of the evidence submitted by Horowitz and Permanent Charities and concluded that its prior decision was correct. Under California law, a person will be deemed the alter ego of a corporation where (i) there is a "unity of interest" between the individual and the corporation and (ii) an "inequitable result would follow" by permitting the individual to "escape liability for his actions." Nilsson, 854 F.2d at 1543-44 (internal citations omitted). Where the court determines that the individual "must have been the actor in the course of conduct constituting the abuse of the corporate privilege," plaintiff may proceed against the individual for the liability of the corporation. American Home Insurance Co. v. Travelers Indemnity Co., 122 Cal.App.3d 951, 966-67, 175 Cal.Rptr. 826 (1981).
 
 
 18
 Horowitz testified that (1) he loaned money to and from RH Group; (2) that he personally paid many of RH Group's bills; (3) that he was RH Group's sole shareholder at the time of the wrongful acts against Permanent Charities; (4) that he purported to divest himself of any interest in RH Group by selling the company to others; (5) that he never completed this sale and continued to do business under "RH Group"; and (6) that he intertwined many of his personal and business affairs. ER at 157-64, 187-88, 202-06, 225-28. In considering this evidence, the district court concluded that Horowitz had not observed the basic formalities of an incorporated entity and had created a "unity of interest" that makes him liable for the debts of the corporation.
 
 
 19
 The concession of Horowitz's counsel together with the independent evidence of alter ego are adequate to support allegations of alter ego. The district court reviewed the evidence (at the 60(b) hearing) and concluded it supported the plaintiff's allegations and entitled plaintiff to the judgment as a matter of law. We have conducted an independent review and we agree, the district court did not commit clear error in concluding that Horowitz was the alter ego for RH Group.
 
 IV.
 
 20
 Horowitz contends the district court had inadequate evidence to formulate damages in the amount of $2,682,122.00. Permanent Charities counters that the issue has not been preserved for appeal; we agree.
 
 
 21
 In his rule 60(b) motion to the district court, Horowitz made no challenge to the amount of damages awarded. This court "will not hear an issue raised for the first time on appeal." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (issue preserved for appeal where raised during motion for reconsideration in district court). Under the exception to the rule, new issues may be raised on appeal "under certain circumstances, such as when the issue is a legal one, not necessitating additional development of the record; or when review will prevent 'manifest injustice' or when there is 'clear error.' " Animal Protection Institute of America v. Hodel, 860 F.2d 920, 927 (9th Cir.1988). It is incumbent on the party seeking to raise this issue to provide "the reason for failing to address this issue below." Id. Horowitz has neither preserved this issue for appeal, nor adequately explained why it has not been preserved. We will not address it.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3