67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John PAIK, Plaintiff-Appellant,
v.
Austin FIRST, Jr.; Natural World, Inc., Defendants-Appellees.
 No. 95-55279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Paik appeals the district court's denial of his Fed.R.Civ.P. 60(b)(6) motion seeking to vacate the dismissal of his action for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (internal quotations omitted).
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 Here, Paik's 60(b)(6) motion is based on the "gross negligence" of his prior counsel. Specifically, former counsel failed to a file a Joint Report of Early Meeting as required by local rule and failed to respond to the court's order to show cause why the action should not be dismissed. As a result, the district court dismissed Paik's action.
 
 
 6
 In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., the Supreme Court recently reaffirmed the general proposition that an attorney's culpable conduct is imputed to the client. See 113 S.Ct. 1489, 1499 (1993). The Court observed that in Link v. Wabash R. Co., 370 U.S. 626, 633 (1962), it had "held that a client may be made to suffer the consequences of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. In so concluding, [the Court] found 'no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client' " Pioneer 113 S.Ct. at 1499 (quoting Link, 370 U.S. at 633-34). The Court in Link concluded that the client "voluntarily chose [his] attorney ... and cannot now avoid the consequences of the acts or omissions of this freely selected agent.... [E]ach party is bound by the acts of his lawyer-agent and is considered to have notice of all facts ... which can be charged upon the attorney." 370 U.S. at 633-34 (quotations omitted)).
 
 
 7
 In applying this rule, courts have granted a client relief from an attorney's conduct only in very limited circumstances, such as the attorney's death or the diagnosis of a debilitating medical condition, or not at all. Compare United States v. Cirami, 563 F.2d 26, 34 (2d Cir.1977) (attorney suffering from psychological disorder which caused him to neglect client); Vindigni v. Meyer, 441 F.2d 376, 377 (2d Cir.1971) (attorney reportedly had "disappeared"); L.P. Steuart, Inc. v. Matthews 329 F.2d 234, 237 (attorney "beset with personal problems," including illness of wife and death of parents), cert. denied, 379 U.S. 824 (1964) with Dickerson v. Board of Educ. of Ford Heights, 32 F.3d 1114, 1118 (7th Cir.1994) (attorney's failure to respond to pretrial order due to illness and family problems did not provide grounds for relief under rule 60(b)(6)); United States v. 7108 West Grand Ave., Chicago, 15 F.3d 632, 634-35 (7th Cir.) (attorney's negligence was not grounds for rule 60(b)(6) relief), cert. denied, 114 S.Ct. 2691 (1994); Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 173 (5th Cir.1990) (same), cert. denied, 114 S.Ct. 171 (1993).
 
 
 8
 Here, we need not determine whether such relief is theoretically available because even if it were, Paik has not made any showing of such extraordinary circumstances.[1] Accordingly, the district court did not abuse its discretion by denying Paik's Rule 60(b) motion. See Backlund, 778 F.2d at 1388.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Paik's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Paik argues for the first time on appeal that the district court erred by not conducting an evidentiary hearing to determine why Paik's prior counsel had failed to properly prosecute the action. No request or motion for such a hearing was made by Paik's new counsel. As such, we find no abuse of discretion on the part of the district court
 
 
 [2]
 As the Supreme Court noted in Link, clients, such as Paik, are not without remedy. "[I]f an attorney's conduct fails substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." Link, 370 U.S. at 633 n. 10