**Valerie K. SPATES–MOORE, Plaintiff—Appellant,**

v.

**William J. HENDERSON, U.S. Postmaster General, Defendant—Appellee.**

No. 05–55855.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 29, 2008.

---

450

Kenneth G. Parker, Esquire, Teuton Lo-
ewy & Parker LLP, Irvine, CA, for Plain-
tiff-Appellant.

Before: FARRIS and WARDLAW,
Circuit Judges, and SCHWARZER,*
District Judge.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Valerie Spates–Moore was employed as a postal carrier at the U.S. Post Office in Huntington Beach, California. In 2001 and 2003, she brought a total of three lawsuits against the U.S. Postmaster General and several individual Post Office employees. In late 2004, Spates–Moore's attorney, Arthur Cooper, failed to file an opposition to a summary judgment motion, and the court granted summary judgment to the defendants, based on the non-opposition. Seventy-one days later, Spates–Moore sought relief from the judgment under Federal Rule of Civil Procedure 60(b). The court denied the 60(b) motion.

"The district court's decision to deny a Rule 60(b) motion is reviewed for an abuse of discretion." *Comty. Dental Servs. v. Tani,* 282 F.3d 1164, 1167 n. 7 (9th Cir. 2002). "[W]here the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)." *Id.* at 1169. Spates–Moore's attorney moved for Rule 60(b) relief on the basis of subsection (3), fraud, and subsection (4), lack of due process, but failed to raise subsection (6), gross negligence. In *McKinney v. Boyle,* 404 F.2d 632 (9th Cir.1968), we held that although a movant cited only to subsection (3) of Rule 60(b), the district court erred when it failed to address subsection (6), because the facts and the nature of the movant's argument—"the main charge"—clearly implicated this subsection. *Id.* at 634. The facts here also implicated gross negligence under subsection (6).

In *Tani,* a defense attorney committed gross negligence when he "abandoned his duties as an attorney" by failing to file

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

papers, failing to oppose a motion to strike his answer, and failing to attend hearings. *Tani,* 282 F.3d at 1171. These actions were so egregious they could not "be characterized as simple attorney error or mere neglect." *Id.* (internal quotation marks omitted).

Like the attorney in *Tani,* Spates–Moore's attorney, Cooper, effectively abandoned his client. He twice failed to file timely oppositions to motions to dismiss; did not return phone calls; did not attend a pre-trial meeting that a local rule required; did not remember conversations with opposing counsel; did not respond to two postal notices; did not file an opposition to summary judgment; did not move for relief from summary judgment until more than seventy days after judgment was entered; and told opposing counsel there was "no point" in doing so.

We recognize that much of this information was never available to the trial judge, but we can not attribute the failure to Spates–Moore since it was only her attorney who would have brought the information to the attention of the court. It is unreasonable to hold the client responsible for his acts in these circumstances.[1] These failures went far beyond simple attorney error and perhaps constituted gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6). In any event, they clearly implicated subsection (6). The district court should have an opportunity to consider whether relief is warranted under this subsection. We therefore remand, with directions to consider the motion under Rule 60(b)(6). In so doing, we express no opinion with respect to the outcome.

REMANDED.

---

1. We grant Spates–Moore's request for judicial notice of the state court's records reflecting *Cooper's involuntary inactive status and the seizure of his law practice.* See Fed. R.Evid. 201; *see also Castillo–Perez v. INS,* 212 F.3d 518, 526 n. 11 (9th Cir.2000).

