GOODWIN, Circuit Judge,
dissenting:
I respectfully dissent. Changing Stanley Burrell’s name on the default judgment under Federal Rule of Civil Procedure 60(a) altered the substantive rights of the parties.
*591 Further, this change cannot be insulated from review simply by being backdated. Finally, it was an abuse of discretion for the district court to switch back and forth between using Burrell’s true name and an incorrect name, then to deny his Rule 60(b) motion, thereby preventing the Plaintiff’s claims from being decided on the merits.
The district court correctly noted that Rule 60(a) cannot be used to make changes that alter parties’ substantive rights. See Hasbrouck v. Texaco, Inc., 879 F.2d 632, 636 (9th Cir.1989). A writ of execution for money judgment and a garnishment order for withholding earnings against “Berrell” failed to collect on the judgement.
That a judgement against “Berrell” could not be executed, while one against “Burrell” can be executed makes plain that substantive rights were altered by changing the name on the judgment. Using Rule 60(a) to make such a change is wrong as a matter of law.
Backdating the change of a party’s name is also problematic. The district court and the Plaintiff were aware of Burrell’s true name years before the name on the default judgement was changed, as evidenced by the use of “Burrell” on the order to appear for a debtor’s exam. Burrell complied with the order that used his true name. Nonetheless, and quite inexplicably, the district court reverted to using “Berrell” during further proceedings, later altering the name on the judgement nunc pro tunc. The majority holds that the effect of backdating is to deprive the courts of jurisdiction to consider the merits of Burrell’s motion for relief. Nonetheless, it is impossible for me to see how the district court could have been aware of Burrell’s true name, entered judgement against a different name, only to later refer to the act as a clerical error corrected nunc pro tunc.
Default judgments, moreover, are appropriate only in extreme circumstances. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695, (9th Cir.2001). Relief from judgment under Rule 60(b)(6) can be had for any reason that justifies relief, and such relief should be “liberally applied.” TCI Group Life Ins. Plan, 244 F.3d at 695. “[Wjhere there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute.” Id. The allowable time to bring a Rule 60(b)(6) motion need only pass a reasonableness test. Fed.R.Civ.P. 60(c)(1). Extraordinary circumstances can extend a reasonable period far beyond one year. Washington v. Penwell, 700 F.2d 570, 572-73 (9th Cir.1983), abrogated on other grounds as recognized by Jeff D. v. Kempthorne, 365 F.3d 844, 852 (9th Cir.2004).
Calling a party into a debtor examination under his true name then later filing a judgment against him under another incorrect name is both illogical and extraordinary. Denying the Rule 60(b) motion was an abuse of discretion.[1] I would vacate *592 the amended default judgement and remand to let the district court decide Plaintiffs claims on their merits, if any, as this circuit’s precedents and good sense require. See TCI Group Life Ins. Plan, 244 F.3d at 695; 12 J. Moore, Fed.Prac. ¶ 60.22[3][a],

. The majority suggests that relief from judgement under Rule 60(b)(6) is not available since the subject matter of the motion falls under Rule 60(b)(1). While it is correct that the subject matter of the motion can only fall under one Rule 60(b) subsection, this circuit has long recast a party’s own characterization of subject matter from one subsection to another. See McKinney v. Boyle, 404 F.2d 632, 634 (9th Cir. 1968). The facts here are not that the Plaintiff merely misspelled Burrell’s name. The court’s use of Burrell’s true name to call him in for a debtor’s exam, only to revert to using "Berrell” on the judgement removes the subject matter from Rule 60(b)(1). In is within this court’s discretion to recognize this situation as a "reason that justifies relief” and an extraordinary circumstance under Rule 60(b)(6).