2005 UT 31

**STATE of Utah, Plaintiff and Appellee,**

v.

**Douglas Anderson LOVELL, Defendant and Appellant.**

No. 20030262.

Supreme Court of Utah.

May 27, 2005.

Rehearing Denied May 26, 2005.

Mark L. Shurtleff, Att'y Gen., Thomas B. Brunker, Asst. Att'y Gen., Salt Lake City, for plaintiff.

L. Clark Donaldson, Salt Lake City, for defendant.

## AMENDED OPINION

NEHRING, Justice:

¶ 1 Defendant Douglas A. Lovell appeals the trial court's dismissal of his motion to withdraw a plea of guilty to the capital offense of aggravated murder for lack of jurisdiction. We remand for a hearing on the merits of Mr. Lovell's motion to withdraw his guilty plea.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This case arises from the murder of Joyce Yost. The facts related to this crime are recounted in *State v. Lovell*, 1999 UT 40, ¶¶ 2–19, 984 P.2d 382 (*"Lovell I"*). We do not discount the heinous circumstances of Ms. Yost's death by not repeating the details of the crime in this appeal, but we limit our recitation to the procedural facts on which the issues of this appeal are centered.

¶ 3 Mr. Lovell pled guilty on June 28, 1993, to one count of aggravated murder for the offense he committed in 1985. The trial court conducted a plea colloquy with Mr. Lovell, informing him that he had "to file a motion to set aside this plea within 30 days or you've lost your right." Mr. Lovell also executed a document styled "Statement of Defendant in Advance of Plea of Guilty," in which he acknowledged that he "may request to withdraw a plea of guilty within 30 days of entry of the plea."

¶ 4 On August 18, 1993, the trial court entered judgment and sentenced Mr. Lovell to death. Mr. Lovell's counsel filed a notice of appeal on August 30, 1993. The day after the notice of appeal was filed, the trial court received a handwritten letter from Mr. Lovell requesting a withdrawal of his guilty plea. Mr. Lovell's letter, which was dated August 25, 1993, indicated that he had tried to contact his attorney "over a week ago" to withdraw the plea. The letter also stated that Mr. Lovell believed that the commencement of the 30–day limit to seek withdrawal of his plea was delayed from the date he entered his guilty plea to the date he was sentenced.

¶ 5 A hearing was held on September 20, 1993, to address two matters: Mr. Lovell's request to discharge his trial attorney, and his motion to withdraw his guilty plea. The trial court granted Mr. Lovell's request to fire his attorney, and continued the motion to withdraw the guilty plea for ninety days to permit him to locate new counsel. Due to ongoing changes in counsel, the hearing on the merits of Mr. Lovell's motion to withdraw his guilty plea was repeatedly postponed.

¶ 6 Several months later, in July 1994, the State moved to dismiss the motion to withdraw Mr. Lovell's guilty plea on the grounds that Mr. Lovell had failed to prosecute it. At a hearing on the State's motion to dismiss, the State suggested that even if Mr. Lovell had diligently attempted to bring the motion to withdraw his guilty plea before the trial court, "the filing of the appeal has effectively deprived [the trial court] of jurisdiction in

the case unless the Supreme Court agrees to remand." Mr. Lovell's counsel defended the inaction on the motion by endorsing the State's view that the trial court had lost jurisdiction when Mr. Lovell's notice of appeal was filed. Mr. Lovell's counsel indicated that he believed that rule 23B of the Utah Rules of Appellate Procedure, which he described as "a fairly new rule," would permit this court to restore limited jurisdiction to the trial court via remand to take up Mr. Lovell's motion. In light of the parties' joint conclusion that the trial court did not have jurisdiction to consider the matter, the court declined to rule on the merits of the State's motion to dismiss for failure to prosecute.

¶ 7 Heeding the course of action he disclosed to the trial court at the hearing, Mr. Lovell filed a motion for remand pursuant to Utah Rule of Appellate Procedure 23B. Although the text of rule 23B restricts its application to claims of ineffective assistance of counsel, Utah R.App. P. 23B, Mr. Lovell attempted to fashion his application for remand under rule 23B in such a manner as to merge the motion to withdraw his guilty plea into his claim of ineffective assistance of counsel. His motion for limited remand stated:

> Mr. Lovell's Motion to Withdraw Guilty Plea remains pending in the district court. If this Court grants [a] remand on the ineffective assistance issues, it may be possible for the district court to consider both matters at the same time.... There may be a question about the district court's jurisdiction to proceed on the plea withdrawal, but issues about the plea's validity are closely related to some ineffective assistance issues.

We denied this motion for remand. Mr. Lovell subsequently filed a renewed motion for limited remand under rule 23B in which he again argued "that the Court should order a remand to consider his Motion to Withdraw Guilty Plea, which is pending in the district court."

¶ 8 We granted Mr. Lovell's renewed motion but remanded for the sole purpose of permitting the trial court to enter findings of fact with respect to the alleged conflict of interest Mr. Lovell's trial counsel had with the prosecuting attorney, an issue that, unlike the motion to withdraw the guilty plea, directly implicated the effectiveness of Mr. Lovell's trial counsel. This order stated that "[n]o other issue shall be addressed on the remand, but may be addressed in any appropriate subsequent proceeding."

¶ 9 This sequence of procedural events created a situation in which both the trial court and counsel concluded that the anticipated method of regaining jurisdiction through the rule 23B remand had failed and, thus, the trial court was without jurisdiction to consider Mr. Lovell's motion to withdraw his guilty plea. However, by stating that other issues "may be addressed in any appropriate subsequent proceeding" in the trial court, we implied that the trial court retained some measure of jurisdiction of undefined source and scope over these issues sufficient to address them.

¶ 10 The trial court proceeded to conduct an evidentiary hearing on Mr. Lovell's remaining claim of conflict of interest. The trial court entered findings of fact in March 1997, finding that the record did not establish an actual conflict that adversely affected the attorney's performance.

¶ 11 Mr. Lovell then appealed his conviction and death sentence and challenged the trial court's finding that counsel had not been ineffective. In *Lovell I*, 1999 UT 40 at ¶ 47, 984 P.2d 382, we affirmed Mr. Lovell's conviction and sentence of death. Neither party raised Mr. Lovell's motion to withdraw his guilty plea as an issue in that appeal. We mentioned the motion to withdraw the guilty plea in our recitation of the procedural history of the case, *id.* at ¶ 19, but considered neither its status nor its merits in our analysis.

¶ 12 On October 22, 2001, some two and one-half years after we issued our opinion on Mr. Lovell's direct appeal, Mr. Lovell formally renewed his motion to withdraw his guilty plea. He based his motion on the contention that he

> did not knowingly and voluntarily enter his guilty [plea] because the court improperly advised him as to when and under what circumstances he could move to withdraw

his guilty plea in violation of Rule 11(e)(7) of the Utah Rules of Criminal Procedure, the U.S. Constitution and the Utah Constitution.

One year later, the trial court held a hearing on the merits of Mr. Lovell's motion to withdraw his guilty plea. The trial court dismissed the motion after rendering factual findings that

> the plea colloquy and the written plea form signed by [Mr.] Lovell unambiguously advised him as to the time within which he had to file a motion to withdraw his guilty plea .... [and t]he Utah Supreme Court ruled ... that all of [Mr.] Lovell's claims failed including his motion to withdraw his guilty plea.

Furthermore, the trial court concluded that the fate of the motion was prescribed by *State v. Price*, 837 P.2d 578 (Utah Ct.App. 1992), and that filing an appeal deprived the court "forever of jurisdiction to consider the motion to withdraw the guilty plea." Mr. Lovell asks us to reverse this ruling and remand the case to the trial court for a hearing on the merits of his motion to withdraw the guilty plea.

## STANDARD OF REVIEW

¶ 13 The questions of whether Mr. Lovell's motion to withdraw his guilty plea was timely and whether the trial court had jurisdiction to hear and rule on this motion are matters of law that we review for correctness without deference to the trial court's rulings. *Beaver v. Qwest, Inc.*, 2001 UT 81, ¶ 8, 31 P.3d 1147.

## ANALYSIS

¶ 14 As Mr. Lovell's counsel correctly observed, rule 23B was in its infancy when we took up Mr. Lovell's rule 23B motion in January 1995. We adopted rule 23B in 1992, and at the time Mr. Lovell's motion came to us, we had not had occasion to survey its contours.[1]

¶ 15 Our inexperience in applying rule 23B contributed to what we concede to be an ambiguous rendition of the scope of remand set out in our order on Mr. Lovell's rule 23B motion. By signaling that other issues "may be addressed in any appropriate subsequent proceeding," *Lovell I*, 1999 UT 40, ¶ 47, 984 P.2d 382, we sent an enigmatic jurisdictional message. We did not provide any further clarity in Mr. Lovell's direct appeal when we stated that "all of Lovell's claims fail," *id.*

¶ 16 The State argues that this statement of finality disposed of the motion to withdraw Mr. Lovell's guilty plea, notwithstanding the motion's absence from the claims in his appeal. The trial court agreed with the State's interpretation, concluding that our opinion "foreclosed" it from considering the motion. Taken together, these events lead us to conclude that we unintentionally contributed to creating a procedural crevasse that swallowed up Mr. Lovell's motion to withdraw his guilty plea, which was effectively dispatched without being considered on its merits.

¶ 17 Both parties have now expended considerable effort attempting to combine our previous pronouncements in this case with the text of rules, statutes, and other cases relating to motions to withdraw guilty pleas, and to shape this mass into a coherent argument that the trial court was or was not correct in determining that it had lost jurisdiction. Despite their creativity and logical ballast, these endeavors yield a tangled and amorphous structure.

¶ 18 Much of this is of our own making, having been unclear in our original rulings in this case. Here, then, rather than taking on the intellectually suspect task of discovering a method to transform this tangle into tapestry, we instead take this occasion to do what would have best been done when ruling on Mr. Lovell's rule 23B motion: explicitly instruct the trial court that it had ongoing jurisdiction over Mr. Lovell's motion to withdraw his guilty plea and order it to hear the merits of the pending motion. To accomplish this end, we amend our previous grant of Mr. Lovell's rule 23B request for remand, and return this issue, with full jurisdiction, to the trial court for adjudication on its merits.

---

1. Rule 23B states, in relevant part: "A party to an appeal in a criminal case may move the court to remand the case to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel." Utah R.App. P. 23B(a).

¶ 19 This instruction is not inconsistent with our previous statements; it merely clarifies what we should have made plain in our previous ruling. When we granted the limited remand in 1995, we stated that other issues may be addressed in subsequent proceedings. When we stated in our opinion on Mr. Lovell's direct appeal that "all of Lovell's claims fail," *Lovell I,* 1999 UT 40 at ¶ 47, 984 P.2d 382, we did not intend to dispose of Mr. Lovell's pending motion to withdraw his guilty plea, which was still awaiting action in the trial court.

■ ¶ 20 This course of action requires that we address the subsidiary issue of whether Mr. Lovell's motion to withdraw his guilty plea was timely filed. We conclude that it was. At the time Mr. Lovell pled guilty and was sentenced to death, Utah Code section 77–13–6(2)(b) mandated that "[a] request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days *after the entry of the plea.*" Utah Code Ann. § 77–13–6(2)(b) (1989) (amended 2003) (emphasis added). At that time, the Utah Court of Appeals had interpreted this statutory provision to require that the motion be filed within 30 days of the plea colloquy. *State v. Price,* 837 P.2d 578, 582 (Utah Ct.App.1992).

¶ 21 However, during the many years that Mr. Lovell's motion was subjected to a series of continuances and delays, we held in *State v. Ostler,* 2001 UT 68, ¶ 8, 31 P.3d 528, that the phrase "entry of the plea," as used in section 77–13–6(2)(b) was ambiguous, as it could reasonably be interpreted to mean either the time the plea is accepted by the court and entered in the record, or the time of entry of judgment of conviction on the plea, which generally occurs at sentencing. After reviewing the legislative history of section 77–13–6, we concluded that the intent behind the language supported an interpretation that the 30–day limit "runs from the date of final disposition." *Id.* at ¶ 11. We further noted that multiple scenarios resulting from the interpretation of "entry of the plea" found in *Price* were not only "absurd," but "might pose constitutional problems." *Id.* at ¶ 10. Accordingly, we overruled *Price. Id.* at ¶ 11.

¶ 22 Mr. Lovell argued to the trial court that his motion should be governed by *Ostler,*

noting that his motion to withdraw was filed within 30 days of sentencing. The State argued that to apply *Ostler* would open the floodgates to readjudication of the many motions to withdraw guilty pleas that had been dismissed as untimely under the *Price* scheme. The trial court ruled in favor of the State, holding that *Price* controlled as the law in effect at the time the plea was entered. We disagree and reverse on this issue.

¶ 23 The trial court sentenced Mr. Lovell two months after he submitted his plea, and received Mr. Lovell's handwritten request to withdraw his guilty plea less than 30 days later. Had the trial court addressed Mr. Lovell's motion before *Ostler* was decided in 2001, it could have properly dismissed it as untimely under *Price.* However, the motion was still pending after *Ostler.*

■ ¶ 24 We have previously applied *Ostler* to a case in which a motion to withdraw was filed while *Price* controlled, *State v. McGee,* 2001 UT 69, ¶¶ 7–8, 31 P.3d 531, and we do so again here. This action is consistent with our long-standing rule that "the law established by a court decision applies both prospectively and retrospectively" unless retrospective application would create a "substantial injustice" as evidenced by "an impairment of legal interests or expectations that have been created by reliance on the old law." *State v. Saunders,* 1999 UT 59, ¶ 53, 992 P.2d 951 (quotation omitted). No substantial injustice is created by the retrospective application of *Ostler,* and accordingly, it is appropriate that we apply it to Mr. Lovell's motion.

¶ 25 Furthermore, we note that Mr. Lovell's plea statement utilized the identical "entry of the plea" language that this court deemed to be ambiguous in *Ostler.* Thus, the trial court's factual finding that the plea statement "unambiguously advised him as to the time within which he had to file a motion to withdraw" directly contradicts *Ostler's* underlying rationale.

¶ 26 Our determination that Mr. Lovell is entitled to the benefit of *Ostler* does not carry with it an invitation to review all cases decided under *Price.* The distinguishing characteristic that renders Mr. Lovell's mo-

**580**

tion eligible for treatment under *Ostler* is that his motion remained pending at the time *Ostler* was decided, and indeed is still pending today, and therefore is properly governed by current law.

¶ 27 We reiterate that it is not our intention to create a new class of rule 23B remands. The reasoning and result in this case is driven by and limited to the unique procedural history of this case. Its precedential stature is, at best, stunted. We therefore caution against interpreting this decision as a license to deploy rule 23B outside the bounds defined by its text. Resort to rule 23B should not be necessary to resolve jurisdictional issues like the one present here. They may be efficiently addressed by more appropriate means, including direct or interlocutory appeal.

¶ 28 Having selected this course of action, we remand to the trial court for a hearing on the merits of Mr. Lovell's motion to withdraw his guilty plea. We do so with sensitivity to the distress that the perpetuation of these proceedings visits upon the surviving victims of Ms. Yost's murder, but we are confident that this outcome is mandated by the interests of justice. Finally, we find it appropriate to recognize Mr. Clark Donaldson for ably filling his responsibilities as Mr. Lovell's appointed appellate counsel.

## CONCLUSION

¶ 29 We conclude that the motion Mr. Lovell filed in 1993 to withdraw his guilty plea was timely under *State v. Ostler*, 2001 UT 68, 31 P.3d 528, and, having never been adjudicated on its merits, remains pending. We amend our previous grant of Mr. Lovell's Rule 23B motion and remand to the trial court, extending jurisdiction to consider the merits of Mr. Lovell's original and renewed motions pursuant to the procedures mandated by Rule 23B.

¶ 30 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice PARRISH concur in Justice NEHRING's opinion.