2005 UT App 185

**Philip F. COXEY, Plaintiff and Appellant,**

v.

**FRATERNAL ORDER OF THE EAGLES, AERIE No. 2742, Defendant and Appellee.**

No. 20040298–CA.

Court of Appeals of Utah.

April 21, 2005.

James R. Hasenyager and Peter W. Summerill, Hasenyager & Summerill, Ogden, for Appellant.

John R. Lund and Julianne Blanch, Snow, Christensen & Martineau, Salt Lake City, for Appellee.

Before Judges BILLINGS, ORME, and THORNE.

MEMORANDUM DECISION

BILLINGS, Presiding Judge:

¶ 1 Appellant Philip F. Coxey appeals the trial court's Decision and Order of Dismissal With Prejudice asserting that the

trial court erred by dismissing his case under Utah Rule of Civil Procedure 37 when no discovery order existed. *See* Utah R. Civ. P. 37. We affirm.[1]

 ¶ 2 Under rule 37, trial courts have authority to dismiss an action as a sanction for a party's failure to comply in the discovery process. *See id.* Rule 37(d) provides, in relevant part,

> If a party ... fails ... to serve a written response to a request for inspection submitted under Rule 34 ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Paragraph[ ] ... (C) of Subdivision (b)(2) of this rule.

Utah R. Civ. P. 37(d). Paragraph (C) of subdivision (b)(2) further provides that the court may impose "an order striking out pleadings or parts thereof, staying further proceedings until the order is obeyed, dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Utah R. Civ. P. 37(b)(2)(C).

 ¶ 3 In addition, rule 37(d) "allows a court to impose sanctions against a party for disregarding discovery obligations even when that party has not directly violated a court order specifically compelling discovery." *Schoney v. Memorial Estates, Inc.,* 790 P.2d 584, 585 (Utah Ct.App.1990); *see, e.g., W.W. & W.B. Gardner, Inc. v. Park W. Vill. Inc.,* 568 P.2d 734, 738 n. 9 (Utah 1977) (" 'No court order is required to bring [r]ule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been

properly served on the party.' " (citation omitted)).

 ¶ 4 Before the court imposes discovery sanctions under rule 37, it "must find on the part of the noncomplying party, willfulness, bad faith, or fault," *Morton v. Continental Baking Co.,* 938 P.2d 271, 274 (Utah 1997), or "persistent dilatory tactics frustrating the judicial process." *W.W. & W.B. Gardner,* 568 P.2d at 738.

 ¶ 5 Once the trial court finds willfulness, bad faith, fault or dilatory tactics, "[t]he choice of an appropriate discovery sanction is primarily the responsibility of the trial judge." *Morton,* 938 P.2d at 274 (alteration in original) (quotations and citations omitted). " 'Because trial courts must deal first hand with the parties and the discovery process, they are given broad discretion regarding the imposition of discovery sanctions.' " *Id.* (quoting *Utah Dep't of Transp. v. Osguthorpe,* 892 P.2d 4, 6 (Utah 1995)). Broad discretion includes dismissal, which is the " 'most severe of the potential sanctions.' " *Id.* (quoting *Osguthorpe,* 892 P.2d at 7).

 ¶ 6 The trial court did not abuse its discretion in determining that Appellant's failure to disclose was willful. "Willful failure has been defined as any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Osguthorpe,* 892 P.2d at 8 (quotations and citations omitted). Appellant's first attorney failed to produce the videotape because he determined on his own accord that it was inadmissible. The trial court correctly concluded that although his reasoning was not impugned with bad motive, it was willful because he intentionally failed to disclose discoverable evidence.[2]

1. The trial court erred in relying on rule 37(f) of the Utah Rules of Civil Procedure in its Decision and Order of Dismissal. The trial court based its decision to dismiss in part on rule 37(f), which was amended with other discovery rules effective November 1, 1999. *See* Utah R. Civ. P. 26 advisory committee's note. The supreme court order approving rule 37(f) prescribed that the "new procedures [ (1999 discovery changes) ] be applicable only to cases filed on or after November 1, 1999." *Id.* The present case was filed October 16, 1998. Because we uphold the trial court's decision on other grounds, the trial court's reliance on rule 37(f) is harmless error. "[A]n ap-

pellate court may affirm a 'judgment, order, or decree appealed from if it is sustainable on any legal ground or theory apparent on the record,' even though that ground or theory was not identified by the lower court as the basis of its ruling." *Orton v. Carter,* 970 P.2d 1254, 1260 (Utah 1998) (quoting *Limb v. Federated Milk Producers Ass'n,* 23 Utah 2d 222, 461 P.2d 290, 293 n. 2 (1969)).

2. The trial court also correctly determined that the Appellant's failure to produce the videotape demonstrates fault. Specifically, the court noted that "fault can be assessed because even though

¶ 7 Appellant further argues that dismissal was too harsh a sanction for his failure to produce the videotape considering Appellee requested photographs, not a videotape. Appellant contended that Appellee used the term "videotape" in other interrogatories, suggesting that when he requested photographs of the injuries and the campground he did not want a videotape. It is unnecessary for us to determine whether Appellant's distinction between the requested photographs and the videotape was of merit, given that the gravamen of Appellee's complaint was the still *photographs* of the injuries and campground made from the videotape, which Appellant sought to introduce on the second day of trial. Thus, this argument clearly fails.

¶ 8 Especially given the prior history of this case, we hold that the trial court did not abuse its discretion in dismissing the case based on Appellant's failure to produce the still photographs made from the videotape. Therefore, we affirm.

¶ 9 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.

a piece of evidence is ultimately deemed not admissible in court during trial or some other proceeding that does not make it non discoverable. That was an error in judgment and can be deemed faulty."