2007 UT App 331

Andy **RUKAVINA**, Plaintiff and Appellant,

v.

Thomas **SPRAGUE**, Defendant and Appellee.

No. 20060600–CA.

Court of Appeals of Utah.

Oct. 12, 2007.

Nathan N. Jardine, Salt Lake City, for Appellant.

Bruce C. Burt, Salt Lake City, for Appellee.

Before Judges BILLINGS, McHUGH, and THORNE.

## MEMORANDUM DECISION

McHUGH, Judge:

¶ 1 Andy Rukavina appeals the trial court's denial of his motion for relief from judgment seeking a new trial. The motion was filed in response to the jury's special verdict finding that Thomas Sprague's negligence was not a proximate cause of Rukavina's injuries. Rukavina argues that the trial court erred when it denied his motion for relief from judgment made pursuant to rule 60(b)(1) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 60(b)(1). We affirm.

¶ 2 Utah appellate courts review a trial court's denial of a motion for relief from judgment under rule 60(b) for abuse of discretion. *See Menzies v. Galetka*, 2006 UT 81, ¶¶ 54–55, 150 P.3d 480; *see also Airkem*

*Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 513 P.2d 429, 431 (1973) ("The trial court is endowed with considerable latitude of discretion in granting or denying a motion to relieve a party from a final judgment under Rule 60(b)(1), ... and this court will reverse the trial court only where an abuse of this discretion is clearly established."). Additionally, when reviewing a decision under rule 60(b), the court should not address the merits of the underlying judgment from which the appellant seeks relief. *See Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451 ("An appeal of a Rule 60(b) order addresses only the propriety of the denial or grant of relief .... [and] does *not*, at least in most cases, reach the merits of the underlying judgment from which relief was sought." (internal quotation marks omitted)). Thus, this decision addresses only whether the denial of relief under rule 60(b) was an abuse of the trial court's discretion.[1]

▆▆▆ ¶ 3 Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment." Utah R. Civ. P. 60(b). However, such relief is only appropriate in limited circumstances. For example, rule 60(b)(1) specifies "mistake, inadvertence, surprise, or excusable neglect" as proper reasons for granting such relief. *Id.* R. 60(b)(1). Rukavina's attorney argues that he was "reasonably surprised" when the trial court granted Sprague's motion in limine, thereby excluding one witness and limiting the testimony of the other witnesses. Although nei-

ther this court nor the Utah Supreme Court has specifically defined "surprise" for the purpose of interpreting rule 60(b)(1),[2] the supreme court in *Menzies v. Galetka* discussed rule 60(b)(1) more generally in the context of attorney misconduct: "[I]f the attorney exercised 'due diligence,' defined as conduct that is consistent with the manner in which a reasonably prudent attorney under similar circumstances would have acted, a judgment may be set aside under 60(b)(1)." 2006 UT 81 at ¶ 72, 150 P.3d 480 (citing *Mini Spas, Inc. v. Industrial Comm'n*, 733 P.2d 130, 132 (Utah 1987)).[3]

¶ 4 Indeed, the Utah Supreme Court has described the four circumstances under which relief may be available under rule 60(b)(1) as "unintentional conduct" on the part of counsel and parties:

> [Just as] "mistake" ... has general application to the activities of counsel and parties .... [t]he other forms of *unintentional conduct* that rule 60(b)(1) deems eligible to be considered as grounds to set aside a judgment—inadvertence, *surprise*, and excusable neglect—are aptly suited to describe circumstances which might befall counsel or parties. Those afflicted by these circumstances are also best suited to explain them to a court in a motion for relief under rule 60(b)(1).

*Fisher v. Bybee*, 2004 UT 92, ¶ 12, 104 P.3d 1198 (emphasis added); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo

---

1. Because we must consider whether Rukavina's attorney was "surprised" as intended by rule 60(b), *see* Utah R. Civ. P. 60(b)(1), we necessarily also address the extent to which he should have anticipated sanctions like those imposed by the trial court.

2. The Utah Supreme Court has interpreted the terms "mistake" and "excusable neglect" to require due diligence on the part of the parties and their attorneys. *See Mini Spas, Inc. v. Industrial Comm'n*, 733 P.2d 130, 132 (Utah 1987) (defining " 'excusable neglect' as the exercise of 'due diligence' by a reasonably prudent person under similar circumstances," and considering a "mistake" inexcusable where party failed to exercise due diligence).

3. Other jurisdictions have also held that due diligence is a factor in determining whether a party was sufficiently surprised under rule 60(b). *See, e.g., Ilardi v. Bechtel Power Corp.*, 106 F.R.D. 567, 570 (E.D.N.Y.1985) (denying relief under rule 60(b)(1) of the Federal Rules of Civil Procedure, in part, because the court's exclusion of testimony "could hardly have been unexpected"); *Levine v. Hans*, 923 S.W.2d 357, 362 (Mo.Ct.App. 1996) (stating that, to warrant relief from judgment under a rule "patterned after" rule 60 of the Federal Rules of Civil Procedure, "the surprise must be something unexpected, as to which the party is free of neglect or lack of prudence").

those mistakes."); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." (citing *Ben Sager Chems. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977))).[4]

¶ 5 The argument that Rukavina's attorney was "reasonably surprised" by the order granting Sprague's motion in limine is without merit because the trial court's action was consistent with the discovery sanctions expressly provided by the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 16(d), 26(a), 26(e), 37(b)(2), 37(f). Rule 26, which contains the general provisions governing discovery, sets out the required disclosures, *see id.* R. 26(a)(1)-(4) (requiring initial, expert testimony, and pretrial disclosures); the scope, limits, sequence, and timing of discovery, *see id.* R. 26(b), (d); supplementation of responses and interrogatories, *see id.* R. 26(e); and discovery and scheduling conference requirements, *see id.* R. 26(f). Rukavina's attorney concedes that throughout the discovery stage of the underlying litigation, he ignored all discovery requests, failed to produce any documents, failed to provide expert reports, and neglected to supplement interrogatories.[5] Indeed, Rukavina identified only one trial witness.[6]

¶ 6 Rukavina's attorney claims that he notified Sprague's counsel orally, three months before trial, of his intent to call "three or four 'before [and] after' witnesses," as well as "most, if not all, of [Rukavina]'s treating physicians to testify." In response, Sprague correctly argues that this alleged conversation is irrelevant because Rukavina's attorney was required to file such disclosures in writing and with the level of detail specified by the rules. *See id.* R. 26(a)(5) (requiring that all initial, expert testimony, and pretrial disclosures "be made in writing, signed and served"); *see also id.* R. 26(a)(3)(B) (requiring disclosure of a written report for any "witness who is retained or specially employed to provide expert testimony in the case"); *id.* R. 26(a)(4)(A) (requiring disclosure of "the name[,] ... address and telephone number of each witness ... the party expects to present and witnesses the party may call if the need arises"). Rule 26 also compels parties to supplement such disclosures as needed. *See id.* R. 26(e)(1) (requiring a party to supplement a disclosure or response if the information is materially "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). Rukavina's attorney concedes that he did not provide written information as required by the rules or supplement his interrogatory responses.

¶ 7 Rukavina's complete failure to comply with rules 26(a) and 26(e) was sanctionable pursuant to rule 37(f), which provides:

> If a party fails to disclose a witness, document or other material as required by Rule 26(a) or Rule[ ] 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), that party *shall not be permitted to use the witness, document or other material* at any hearing unless the failure to disclose is harmless or the party shows good cause for the failure to disclose. In addition to or in lieu of this sanction, the court may order any other sanction....

*Id.* R. 37(f) (emphasis added). Rukavina's attorney argues that the trial court could not impose the sanctions provided in rule 37(f) until it entered an order compelling discovery with which he failed to comply. He also claims that he was therefore reasonably surprised that the trial court chose exclusion of

---

4. Because rule 60(b)(1) of the Federal Rules of Civil Procedure is nearly identical to rule 60(b)(1) of the Utah Rules of Civil Procedure, *compare* Fed.R.Civ.P. 60(b)(1), *with* Utah R. Civ. P. 60(b)(1), federal interpretation is persuasive. *See Tucker v. State Farm Mut. Auto. Ins. Co.*, 2002 UT 54, ¶ 7 n. 2, 53 P.3d 947.

5. Despite Rukavina's failure to produce requested documents to Sprague, defense counsel was able to obtain "limited" documentation from the insurance carrier and by subpoena.

6. This witness was listed in error as Rukavina's treating physician. Sprague did not object to Rukavina calling the correct, but previously unidentified, treating physician but requested that his testimony be limited to the one medical report Sprague obtained during discovery.

the evidence as a sanction for his multiple discovery violations. We disagree.

¶ 8 First, subsection (f) of rule 37 is. independent of the motion to compel procedure outlined in rule 37(a). *Compare id.* R. 37(a)-(b), *with id.* R. 37(f). Second, the plain language of rule 37 indicates that parties have the option of filing a motion to compel disclosure. *See id.* R. 37(a)(2)(A) ("[A] party *may* move to compel disclosure and for appropriate sanctions." (emphasis added)). There is nothing in this provision mandating that a motion to compel and subsequent court order granting such a motion be prerequisites for the sanctions specified in rule 37(f).[7] *See id.* R. 37(a); *see also Stevenett v. Wal–Mart Stores, Inc.,* 1999 UT App 80, ¶¶ 24, 42, 977 P.2d 508 (holding· that trial court's limits on witness's causation testimony—disclosed three days before trial—was proper where party "failed to supplement as required by Rule 26" and "violated the [trial court's] scheduling order"). Rukavina's attorney's failure to abide by the trial court's discovery orders [8] provided ample grounds for the imposition of discovery sanctions. *See Stevenett,* 1999 UT App 80 at ¶ 24, 977 P.2d 508; *see also* Utah R. Civ. P.· 16(d), 37(b)(2). If a party fails to obey a scheduling order, *see* Utah R. Civ. P. 16(d), the trial court may "prohibit[ ] him from introducing designated matters in evidence." *Id.* R. 37(b)(2)(B). Furthermore, if a party fails to make the disclosures mandated by rule 26, the trial court is required to exclude the evidence and, at its discretion, may impose other sanctions in addition to or instead of exclusion. *See id.* R. 37(f) (providing that such a party "shall not be permitted to use the witness, document or other material" and that "[i]n addition to or in lieu of this sanction, the court may order any other sanction").

¶ 9 The trial· court's order complied with the Utah Rules of Civil Procedure, and Rukavina's attorney should have anticipated that his failure to abide by those rules could result in the exclusion of previously undisclosed evidence. Therefore, Rukavina's attorney was not "reasonably surprised" by the imposition of sanctions, and the trial court did not exceed its discretion in denying Rukavina's rule 60(b)(1) motion. Indeed, we are "surprised" that he did not anticipate these sanctions.

¶ 10 Affirmed.

¶ 11 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.

---

7. Rule 37(f) sanctions can be imposed if the court finds "willfulness, bad faith, or fault, or persistent dilatory tactics frustrating the judicial process." *Morton v. Continental Baking Co.,* 938 P.2d 271, 274 (Utah 1997) (citations and internal quotation marks omitted). However, the court need not find "wrongful intent." *Coxey v. Fraternal Order of the Eagles,* 2005 UT App 185, ¶ 6, 112 P.3d 1244 (mem.) (citation and internal quotation marks omitted).

8. The trial court entered several discovery-related orders, including a Stipulated Discovery Plan and Order dated March 23, 2004; Stipulated Amended ̇Discovery Plan and Order dated June 23, 2004; and Stipulation to Amend Case Management Order/Amended Case Management Order in December of 2004. Rukavina's attorney did not comply with any of them.