206 P.3d 302 (2009)
2009 UT App 76
Nelda P. JOHNSON, Plaintiff and Appellant,
v.
GOLD'S GYM and Peay Investment Company, Defendants and Appellees.
No. 20070946-CA.
Court of Appeals of Utah.
March 19, 2009.
*304 S. Austin Johnson, Orem, for Appellant.
Scott T. Evans and Heather L. Thuet, Salt Lake City, for Appellees.
Before Judges BENCH, DAVIS, and McHUGH.

OPINION
McHUGH, Judge:
¶ 1 Nelda P. Johnson appeals the trial court's order granting Gold's Gym and Peay Investment Company's (collectively, Appellees) motion for summary judgment, the trial court's order striking Johnson's expert witnesses, and the trial court's denial of Johnson's motion to reconsider. Additionally, Johnson argues that the Fourth Judicial District Court in American Fork, Utah, was an improper venue to decide the motion for summary judgment. Finally, Johnson challenges the trial court's jurisdiction to enter a decision on the motion to reconsider and Appellees' motion to strike Johnson's photographs. We affirm.

BACKGROUND[1]
¶ 2 Johnson joined Gold's Gym, a membership-required exercise facility, in Provo, Utah, on July 7, 2004. As part of the gym enrollment process, Johnson signed an Assumption of Risk and Risk of Accident liability waiver.
¶ 3 On or about July 11, 2004,[2] Johnson was leaving the Gold's Gym facility at 9:30 p.m. when she tripped and fell on broken asphalt in the parking lot, injuring her right knee. Johnson sought medical attention at Orem Community Hospital and eventually had surgery to repair her knee.
¶ 4 Johnson filed suit against Appellees in the Fourth Judicial District Court in Provo, Utah, alleging that Appellees were negligent *305 in maintaining the parking lot and seeking $125,000 in damages.[3] After the case had been pending approximately two years, Appellees moved for summary judgment. While that motion was pending, Appellees filed a separate motion to strike Johnson's expert witnesses. The original district judge also discovered a conflict of interest and transferred the case to a district judge located in American Fork, Utah. The new judge granted Appellees' motion to strike Johnson's expert witnesses and later granted Appellees' motion for summary judgment.
¶ 5 Johnson then filed a motion to reconsider, challenging the decision to grant summary judgment and also claiming that the transfer from the trial court in Provo to the one in American Fork violated the venue requirements set forth in the Utah Code, see Utah Code Ann. § 78-13-10 (2002) (current version as amended at Utah Code Ann. § 78B-3-310 (2008)). The trial court executed its final Order and Judgment on October 18, 2007, without directly ruling on Johnson's motion to reconsider. Despite that final order in their favor, Appellees filed a memorandum in opposition to Johnson's motion for reconsideration and a motion to strike the photographs attached as exhibits to it. On November 16, 2007, Johnson filed her notice of appeal. Two weeks later, the trial court denied Johnson's motion for reconsideration, rejected Johnson's venue challenge,[4] and granted Appellees' motion to strike the photographs.

ISSUES AND STANDARDS OF REVIEW
¶ 6 Johnson contends that American Fork was not the proper venue to decide her motion for summary judgment. We review the trial court's statutory interpretation for correctness, affording it no deference. See West Valley City v. Hoskins, 2002 UT App 223, ¶ 6, 51 P.3d 52. "However, before any review can be undertaken the issue must be preserved in the proceedings below." Desert Power, LP v. Public Serv. Comm'n, 2007 UT App 374, ¶ 12, 173 P.3d 218 (internal quotation marks omitted).
¶ 7 Johnson further claims that the trial court lacked jurisdiction to decide her motion for reconsideration or Appellees' motion to strike Johnson's photographs because she had previously filed a notice of appeal. "[W]hether the trial court had jurisdiction to hear and rule on [these] motion[s] [is a] matter[] of law that we review for correctness without deference to the trial court's rulings." State v. Lovell, 2005 UT 31, ¶ 13, 114 P.3d 575.
¶ 8 Johnson also appeals the trial court's decision to strike her expert witnesses as a sanction for her failure to comply with rule 26(a)(3) of the Utah Rules of Civil Procedure. See generally Utah R. Civ. P. 26(a)(3) (detailing disclosure requirements); id. R. 37(f) (allowing exclusion of expert testimony as a sanction for failure to comply with disclosures required by rule 26(a)). We review a trial court's discovery rulings for an abuse of discretion. See Pete v. Youngblood, 2006 UT App 303, ¶ 7, 141 P.3d 629 ("We review the trial court's imposition of sanctions for failure to comply with [rule 26], including the exclusion of testimony, for an abuse of discretion.").
¶ 9 Johnson next argues that summary judgment was inappropriate because there is a genuine dispute of material fact about whether Appellees breached their duty to maintain the parking lot. She further contends that the Risk of Accident and Assumption of Risk liability waiver does not release Appellees from that duty.[5] Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). The grant of summary judgment is a question of *306 law, and we review the trial court's determination of legal issues for correctness, affording no deference to the trial court. See Forsberg v. Bovis Lend Lease, Inc., 2008 UT App 146, ¶ 7, 184 P.3d 610, cert. denied, 199 P.3d 367 (Utah 2008).
¶ 10 Finally, Johnson argues that the trial court improperly denied her motion to reconsider. "[P]ostjudgment motions to reconsider are not recognized anywhere in either the Utah Rules of Appellate Procedure or the Utah Rules of Civil Procedure." Gillett v. Price, 2006 UT 24, ¶ 6, 135 P.3d 861 (citing Ron Shepherd Ins. v. Shields, 882 P.2d 650, 653 n. 4 (Utah 1994)). Therefore, "[a] trial court's decision to grant or deny a motion to reconsider summary judgment is within the discretion of the trial court, and we will not disturb its ruling absent an abuse of discretion." Timm v. Dewsnup, 921 P.2d 1381, 1386 (Utah 1996) (emphasis omitted); accord Tschaggeny v. Milbank Ins. Co., 2007 UT 37, ¶ 16, 163 P.3d 615.

ANALYSIS

I. Venue/Jurisdiction
¶ 11 Johnson claims that American Fork was not the proper venue to decide Appellees' motion for summary judgment. We disagree. In Utah, "an action shall be tried in the county in which ... the cause of action arises." Utah Code Ann. § 78-13-7 (2002) (current version as amended at Utah Code Ann. § 78B-3-307 (2008)). American Fork and Provo are both located in Utah County, the location of Johnson's accident. Further, even if venue were improper, Johnson first challenged it in her motion for reconsideration, filed after the trial court had granted summary judgment in favor of Appellees. "`[O]ur case law establishes that the doctrine of waiver has application if [litigants] fail to raise claims at the appropriate time at the trial level, so the judge has an opportunity to rule on the issue.'" State v. Cram, 2002 UT 37, ¶ 9, 46 P.3d 230 (quoting State v. Emmett, 839 P.2d 781, 783-84 (Utah 1992)). Therefore, Johnson waived any objection to venue. See Desert Power, LP v. Public Serv. Comm'n, 2007 UT App 374, ¶ 17, 173 P.3d 218.

II. Expert Witnesses
¶ 12 Johnson's designation of expert witnesses, with their respective reports, was due December 15, 2006. See generally Utah R. Civ. P. 26(a)(3)(B).[6] Well after that deadline had passed, on March 2, 2007, Johnson filed her expert designation but failed to include expert reports. Indeed, one of Johnson's designated experts was identified solely by his first name. After Appellees stipulated to an extension, Johnson provided a report from one of the five witnesses she had designated as experts.
¶ 13 Appellees then filed a motion to strike all five of Johnson's expert witnesses for failure to comply with rule 26. See generally id. In response, Johnson agreed to call two of the experts as fact witnesses, but she claimed that her three remaining experts were properly designated. After a hearing on the motion, the trial court allowed Johnson to re-designate two of her original experts as fact witnesses, allowed the one for whom a report had been filed to testify as an expert, struck another for failure to provide a report, and allowed the last expert to testify only as to certain medical records that had been provided to Appellees. Johnson contends that the trial court exceeded its discretion in doing so.
¶ 14 Contrary to Johnson's assertions on appeal, the trial court's order was well within its broad discretion regarding sanctions for failure to comply with discovery. See id. R. 37(f) ("If a party fails to disclose a witness, document or other material as required by Rule 26(a) ..., that party shall not be permitted to use the witness. ..."); Rukavina *307 v. Sprague, 2007 UT App 331, ¶ 8, 170 P.3d 1138 (acknowledging that rule 37 permits a trial court to exclude the evidence or impose other sanctions when a party fails to provide rule 26(a) disclosures); Pete v. Youngblood, 2006 UT App 303, ¶¶ 11, 18, 141 P.3d 629 (holding that "the trial court did not abuse its broad discretion by striking [the plaintiff's expert] affidavit" when the plaintiff neither designated the witness as an expert nor filed an expert report).[7] Consequently, we affirm the trial court's ruling striking all but two of Johnson's experts.

III. Grant of Summary Judgment
¶ 15 Johnson finally contends that summary judgment was improperly granted because there are material facts in dispute regarding Appellees' duty and breach of that duty. It is well established in Utah that "property owners are not insurers of the safety of those who come upon their property, even though they are business invitees." Martin v. Safeway Stores, Inc., 565 P.2d 1139, 1139 (Utah 1977). Rather, whether and when liability attaches depends upon the nature of the unsafe condition that caused the injury.
¶ 16 Under Utah law, there are two classes of unsafe conditions that may result in liability. The first "involves some unsafe condition of a temporary nature," where the origin of the condition is generally unknown. Allen v. Federated Dairy Farms, Inc., 538 P.2d 175, 176 (Utah 1975) (emphasis omitted). To hold a landowner liable for a temporary condition, a plaintiff must show "(A) that [the landowner] had knowledge of the condition, that is, either actual knowledge, or constructive knowledge because the condition had existed long enough that he should have discovered it; and (B) that after such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it." Goebel v. Salt Lake City S. R.R. Co., 2004 UT 80, ¶ 19, 104 P.3d 1185.
¶ 17 The second class of unsafe conditions involves a permanent condition, meaning that the unsafe condition is "in the structure of a building, ... etc. or in equipment or machinery, or its manner of use, which was created or chosen by the defendant (or his agents), or for which he is responsible." Allen, 538 P.2d at 176. When an unsafe condition is permanent, the landowner is deemed to have knowledge of the condition and a plaintiff need not independently establish notice before liability can be imposed. See Goebel, 2004 UT 80, ¶ 19, 104 P.3d 1185.
¶ 18 While Johnson argues that the broken asphalt is a permanent condition because Appellees have a permanent duty to maintain the parking lot, we agree with the trial court that the broken asphalt was a temporary condition. The analogous case of Goebel v. Salt Lake City Southern Railroad Co., 2004 UT 80, 104 P.3d 1185, supports our conclusion.
¶ 19 In Goebel, Salt Lake City Southern Railroad Company (Southern) obtained an easement to run freight trains along tracks owned by the Utah Transit Authority. See id. ¶ 5. As part of its agreement to use the tracks, Southern agreed to maintain the crossings. See id. The plaintiff was injured when his bicycle steered into a gap between the field panels at the crossing, and he brought a lawsuit against Southern. See id. ¶ 6. The trial court granted Southern's motion for a directed verdict, finding that the condition was temporary and thus, in the absence of notice, Southern had not breached any duty to the plaintiff. See id. ¶¶ 4, 8. On appeal, the plaintiff argued that the condition was of a permanent nature because although Southern did not create the condition, Southern was responsible for maintaining the *308 crossings. See id. ¶¶ 19-20. Therefore, the plaintiff argued that Southern was deemed to have notice of the condition. See id. The Utah Supreme Court rejected the plaintiff's argument, holding that the condition was temporary because Southern "did not create the unsafe condition, and is `responsible' for it only in the context of maintenance, not for its existence in the first place." Id. ¶ 20.
¶ 20 In this case, Appellees did not create the crack in the asphalt. Rather, as in Goebel, they are responsible only for the lot's maintenance, and the trial court properly classified the broken asphalt as a temporary condition. Accordingly, to recover, Johnson must show that Appellees had actual or constructive knowledge and a reasonable time to remedy the condition.[8]
¶ 21 Alternatively, Johnson argues that even if the broken asphalt were a temporary condition, a factual dispute remains about whether Appellees had constructive notice thereby preventing the entry of summary judgment.[9] "Constructive notice is where information or knowledge of a fact is imputed to a person by law because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." Matheson v. Marbec Invs., LLC, 2007 UT App 363, ¶ 7, 173 P.3d 199 (internal quotation marks omitted).
¶ 22 Johnson claims that Appellees could have discovered the fact by proper diligence but that they failed to inspect the parking lot regularly. See generally Goebel, 2004 UT 80, ¶ 23, 104 P.3d 1185 (noting that the defendant regularly inspected the railroad crossing). To support this contention, Johnson relies on the deposition testimony of Gold's Gym's Maintenance Director, Nate Loftin.
[Counsel for Johnson]. Have you ever inspected the parking lot or pavement at 900 East at Gold's Gym [in Provo]?
[Nate Loftin]. No.
Q. Is there anybody else besides you who would be in charge of maintaining the parking lot or pavement at Gold's Gym, 900 East Gold's Gym parking lot?
A. No.
Q. Do you consider that within your duties the inspection and maintenance of that parking lot?
A. If  if I am asked to, yes. If it needs to be done, yes.
Johnson argues that these statements create an issue of disputed fact on the question of constructive notice.[10]
¶ 23 Loftin's testimony, however, fails to create a genuine issue of material fact. Neither Loftin nor Appellees claimed that Loftin regularly inspected the parking lot or that it was his responsibility to do so. Rather, Appellees produced the deposition of Kandi Negrete, the Manager of Gold's Gym. Negrete testified that it is her duty to check the condition of the parking lot daily and to request maintenance through an online reporting system if a problem is identified. Negrete testified that despite these daily inspections, she did not discover the unsafe condition that caused Johnson's injury. Johnson produced no evidence to dispute Negrete's testimony. Moreover, contrary to Johnson's assertion, Loftin's deposition testimony does not do so.
¶ 24 Loftin testified that he is responsible for the maintenance of the lot, not its inspection. *309 Loftin further testified that he performs maintenance when reported and that he would conduct an inspection upon request. In contrast, Negrete explained that it was her duty to conduct daily inspections and to request any needed maintenance. Because Negrete did not notice the unsafe condition, she made no request that Loftin repair it. A careful comparison of the testimony of these witnesses does not support the existence of a disputed material fact.
¶ 25 Johnson further contends that none of Gold's Gym's employees, including Negrete, have had training on asphalt maintenance, thereby creating an issue about whether they adequately inspected the parking lot. This argument is unavailing because "in determining what constitutes reasonable care in the discovery of defects, the proper standard is whether the defect would be apparent to ordinary prudent persons with like experience, not to persons with specialized knowledge in the field of construction or real estate." Mitchell v. Christensen, 2001 UT 80, ¶ 12, 31 P.3d 572.
¶ 26 Finally, Johnson attempts to establish material questions of fact by merely denying Appellees' statement of undisputed facts. For example, without any citation to contrary evidence, Johnson contests the fact that Negrete inspected the lot daily. However, "bare contentions, unsupported by any specification of facts in support thereof, raise no material questions of fact as will preclude the entry of summary judgment." Massey v. Utah Power & Light, 609 P.2d 937, 938 (Utah 1980); see also Dairy Prod. Servs. v. City of Wellsville, 2000 UT 81, ¶ 54, 13 P.3d 581 (determining that reliance upon "unsubstantiated opinions and conclusions is insufficient to create an issue of fact"). Accordingly, we conclude that the trial court did not err in granting summary judgment to Appellees.[11]

CONCLUSION
¶ 27 Johnson failed to preserve her claim of improper venue for appeal when she neglected to object to the transfer of the case to the Fourth Judicial District Court in American Fork until after summary judgment had been granted. The district court did not exceed its discretion in striking some of Johnson's expert witnesses. Furthermore, it was correct in granting summary judgment because Johnson presented no genuine dispute of material fact on the existence of a duty breached by Appellees.[12]
¶ 28 Affirmed.
¶ 29 WE CONCUR: RUSSELL W. BENCH and JAMES Z. DAVIS, Judges.
NOTES
[1] "When reviewing a grant of summary judgment, we are to review the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Hale v. Beckstead, 2005 UT 24, ¶ 2, 116 P.3d 263 (internal quotation marks omitted).
[2] The complaint indicates Johnson's injury occurred on July 11, 2004. Throughout the remainder of the record, however, the incident date is listed as July 12 or 14, 2004.
[3] Gold's Gym leases its building and parking lot from Peay Investment Company. The lease delegates responsibility for maintenance of the parking lot to Gold's Gym.
[4] Although it considered the merits of Johnson's challenge, the trial court also noted that Johnson had waived her argument because she failed to challenge venue prior to the entry of summary judgment.
[5] The trial court granted summary judgment both because Johnson's claim was barred by the Risk of Accident and Assumption of Risk liability waiver and because she could not establish the breach of any duty owed by Appellees.
[6] An expert designation must include a report from each expert witness that contains

the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert ... within the preceding four years.
Utah R. Civ. P. 26(a)(3)(B).
[7] We also reject Johnson's argument that she had good cause for her failure to comply, see generally Utah R. Civ. P. 37(f) (allowing use of improperly designated witness when good cause precluded compliance with rule 26(a)), due to Appellees' refusal to answer certain discovery requests. While Johnson filed a motion to compel that discovery in May 2007, she did not submit it for decision until after the trial court had entered a final judgment granting summary judgment in favor of Appellees. See id. R. 7(d) ("If no party files a [request to submit for decision], the motion will not be submitted for decision."); see also Golding v. Ashley Cent. Irrigation Co., 902 P.2d 142, 148 (Utah 1995) (holding that the trial court had no duty to decide a motion to file a second amended complaint that had not been submitted for decision).
[8] Johnson argues that Goebel v. Salt Lake City Southern Railroad Co., 2004 UT 80, 104 P.3d 1185, is distinguishable because it involved a member of the public, rather than a business invitee. In support of her argument, Johnson references Hale v. Beckstead, 2005 UT 24, 116 P.3d 263, and the Restatement (Second) of Torts § 343 (1966); however, these sources discuss the landowner's duty, not when a duty arises. Under Utah law, it is the nature of the unsafe condition, rather than the status of the injured plaintiff, that determines when liability attaches. See, e.g., Schnuphase v. Storehouse Mkts., 918 P.2d 476, 477-78 (Utah 1996) (affirming dismissal on summary judgment after the business invitee-plaintiff failed to show that the defendant had notice of the temporary unsafe condition that caused her fall).
[9] Johnson does not contend that Appellees had actual knowledge of the broken asphalt.
[10] Johnson also argues that Appellees' repair of only isolated sections of the parking lot during the four years after her injury supports an inference that they were not conducting regular inspections. However, evidence of subsequent remedial efforts is inadmissible and irrelevant to the state of Appellees' knowledge at the time of the accident. See Utah R. Evid. 407.
[11] Because we affirm the grant of summary judgment on Johnson's failure to show breach, we need not consider whether summary judgment was appropriate on the basis of the liability waiver, whether her motion to reconsider was improperly denied, or whether the American Fork court lacked jurisdiction to consider the motions to reconsider and to strike the photographs.
[12] We deny Appellees' request for attorney fees on appeal because we do not conclude that Johnson's appeal was frivolous.