09-4144-cv(L), 10-3379-cv(Con)
Philips Lighting v. Schneider

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand ten.

PRESENT: ROBERT A. KATZMANN,
DENNY CHIN,
*Circuit Judges,*
EDWARD R. KORMAN,
*District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - -

PHILIPS LIGHTING COMPANY, a Division of Philips Electronics North America Corp.,

*Plaintiff-Appellee,*

v.

Nos. 09-4144-cv(L),
10-3379-cv(Con)

THEODORE SCHNEIDER,

*Defendant,*

BARRY A. SCHNEIDER,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - -

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE:    DOUGLAS A. GOLDSTEIN (Brian D. Spector, *on the brief)*, Spector & Ehrenworth, P.C., Florham Park, NJ

FOR DEFENDANT-APPELLANT:    ALAN M. LEBENSFELD, Lebensfeld Borker Sussman & Sharon LLP, Red Bank, NJ

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.)*.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the order of the district court entered September 8, 2009, is **VACATED** and the case is **REMANDED.**

Defendant-appellant Barry A. Schneider appeals from an order of the United States District Court for the Eastern District of New York, entered September 8, 2009, denying his motion under Federal Rule of Civil Procedure 60 to vacate the judgment against him. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Schneider argues that he was entitled to relief under Rule 60(b)(1), (3), or (6) or under Rule 60(d)(3). Relief under Rule 60(b) and Rule 60(d) is equitable in nature. *See Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 125 (2d Cir. 2009); *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655, 661-62 (2d Cir. 1997). "We review the district court's Rule

60 decision for abuse of discretion." *United Airlines, Inc.* v. *Brien,* 588 F.3d 158, 175 (2d Cir. 2009).

Rule 60(b)(1) allows the court to grant relief from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(3) allows relief from a final judgment on the ground of "fraud . . . , misrepresentation, or misconduct by an opposing party."  *See Fleming v. New York Univ.,* 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").  Rule 60(b)(6) provides that the district court may grant relief from a final judgment for "any other reason that justifies relief."  *See Harris* v. *United States,* 367 F.3d 74, 81 (2d Cir. 2004) ("[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship.") (citing *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977) (internal quotation marks omitted)).  Finally, Rule 60(d)(3) also authorizes a court to grant relief for fraud, as it provides that the rule "does not limit a court's power to . . . set aside a judgment for fraud on the court."

Schneider argues that he is entitled to relief for the following reasons. First, he contends that his first attorney disappeared during the proceedings below. Second, he argues that the district court's decision to deny Rule 60 relief was based on certain mistaken factual and legal conclusions. Third, he contends that defendant-appellee Philips Lighting Company ("Philips") and its attorneys withheld or otherwise failed to disclose certain critical facts to the district court. In particular, Schneider contends that Philips failed to apprise the district court that Philips had entered into a stipulation with the debtor, Eltron Supply, Ltd. ("Eltron"), in the bankruptcy proceedings reducing the debt some $111,000 below the amount that Philips sued Schneider for, and that Philips had received a cash distribution of $56,236.21 from the bankruptcy trustee.

We do not reach the question whether the district court abused its discretion in denying Schneider's motion to vacate the judgment. Instead, we remand the case to the district court for further proceedings, for the following reasons.

First, the district court concluded that the disappearance of his lawyer did not prejudice Schneider because the summary judgment motion was already fully briefed. Even after the motion was briefed, however, Schneider still may have

- 4 -

needed the services of a lawyer. For example, a lawyer could have monitored the bankruptcy proceedings for developments that could impact the case, such as settlement of claims or distributions. Once the district court issued its summary judgment decision, a lawyer could have assisted Schneider by reviewing and evaluating the decision, considering whether to file a motion for reconsideration and/or an appeal, and doing so. Hence, the district court shall reconsider whether Schneider was prejudiced by the disappearance of his lawyer in view of these considerations.

Second, if the district court had reason to believe that Schneider was no longer represented by counsel, it should have taken steps to ensure that Schneider was included on any communications from the court. For example, if the district court was aware that Schneider was no longer represented by counsel, it should have sent a copy of its decision to Schneider directly. *See* Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, *the clerk must serve notice of the entry,* as provided in Rule 5(b), on each party who is not in default for failing to appear." (emphasis added)). As Philips's lawyer conceded at oral argument, the only notification given to Schneider was the ECF notification sent to his lawyer, who was

missing by that point. Philips's argument that this was sufficient notification to Schneider is disingenuous because there was reason to believe that Brennan was no longer receiving emails -- he had vacated his offices, his phone had been disconnected, and his email address, which was provided by Verizon, was likely associated with his telephone service. On remand, the district court shall determine when Schneider first received notice of the summary judgment decision, and it shall consider whether the timing of the notice affected his rights in any respect relevant to his Rule 60 motion.

Third, there is a lack of clarity in the record as to certain facts that could bear on the district court's decision to grant or deny Schneider's Rule 60 motion. As Philips's counsel acknowledged at oral argument, the same law firm represented Philips in the bankruptcy proceeding. Consequently, depending on the timing, the lawyers knew or should have known about the stipulation to reduce Eltron's debt and the cash distribution from the bankruptcy trustee; yet, Philips and its counsel did not bring these facts to the district court's attention. While it may be that Philips has some legal argument as to why it was entitled to a greater recovery from Schneider (as guarantor) than it was owed from Eltron (as debtor), this issue was not raised

- 6 -

with the district court. It is also unclear when (or if) Philips received the cash distribution from the Eltron trustee, but counsel for Philips conceded at oral argument that if Philips had received a cash distribution from the Eltron trustee, the distribution would have reduced the amount that Philips could recover from Schneider. Although Schneider's new lawyer was able to discover these facts later, it does not appear that Schneider would have received notice at the time because he was not a creditor or debtor in the bankruptcy proceedings.

At a minimum, questions exist as to whether the amount of the judgment is based on mistakes or omissions. In addition, it does not appear that the district court addressed Schneider's argument that he was released in full because he had conveyed all his interest in Eltron to his brother in 1998, in return for his brother's assumption of all obligations. The district court also concluded that Schneider failed to submit a timely claim in the bankruptcy proceeding, but because Schneider was not a creditor, it does not appear that he was obliged to submit a claim. On remand, the district court should clarify these factual issues, which may bear on its decision whether to vacate the judgment. The district court may do so by conducting a hearing or directing the parties to submit additional factual materials.

It is true, as the district court noted in its denial of the motion to vacate, that generally a litigant is not entitled to relief from a final judgment based on the mistakes or omissions of his attorney. *See Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986). Here, however, more was involved than just mistakes or omissions on the part of his counsel. Questions also exist as to whether Philip's lawyers, as officers of the court, had a duty to advise the district court of the adverse (or potentially adverse) facts of which they had knowledge from the bankruptcy proceedings. Accordingly, this situation is distinguishable from the precedent cited by the district court.

Accordingly, we VACATE the district court's order denying Schneider's Rule 60 motion and REMAND for the district court to clarify the facts and to consider, in light of the above, whether the judgment should be vacated under Rule 60(b) and (d).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court