14-3797-cv
Philips Lighting Co. v. Schneider

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

PRESENT: REENA RAGGI,
　　　　　　DENNY CHIN,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges*.

-----------------------------------------------------------------

PHILIPS LIGHTING COMPANY,
　　　　　　　　*Plaintiff-Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　No. 14-3797-cv

BARRY A. SCHNEIDER,
　　　　　　　　*Defendant-Appellant*,

THEODORE SCHNEIDER,
　　　　　　　　*Defendant.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:　　　ALAN M. LEBENSFELD, Lebensfeld Sharon & Schwartz, P.C., Red Bank, New Jersey.

APPEARING FOR APPELLEE:　　　DOUGLAS A. GOLDSTEIN (Brian D. Spector, *on the brief*), Spector & Ehrenworth, P.C., Florham Park, New Jersey.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 2, 2014, is AFFIRMED.

Defendant Barry Schneider appeals, for the second time, from the denial of his Fed. R. Civ. P. 60 motion to vacate the district court's September 30, 2008 award of summary judgment in favor of plaintiff Philips Lighting Company (the "2008 award"). See Fed. R. Civ. P. 60(b).  After the district court denied Schneider's first Rule 60 motion, filed on July 2, 2009, in which he argued, among other things, that he was not notified of the 2008 award because his first attorney "disappeared," J.A. 66, this court vacated and remanded for further proceedings.  See Philips Lighting Co. v. Schneider ("Schneider I"), 395 F. App'x 796 (2d Cir. 2010).   Schneider now argues that (1) on remand, the district court failed to follow the Schneider I mandate; (2) the district court erred in again denying him Rule 60(b) relief; and (3) even if the 2008 award is affirmed, the accrual of post-judgment interest should be equitably tolled.  We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to affirm.

1.    The *Schneider I* Mandate

In Schneider I, this court remanded for the district court to consider (1) whether Schneider was prejudiced by his attorney's disappearance after cross-motions for summary judgment were fully briefed, but before the district court decided those motions; (2) the date on which Schneider received notice of the 2008 award; (3) whether

2

cash distributions paid to Philips Lighting in the course of Eltron's bankruptcy proceedings affected Schneider's obligations as a guarantor for Eltron's debts; and (4) whether Schneider was otherwise relieved of his obligations under his 1985 Guaranty Agreement with Philips Lighting. See Schneider I, 395 F. App'x at 798–99. Schneider submits that the district court failed to follow this mandate by declining to decide the notice issue. We are not persuaded.

Generally, where a mandate directs a district court to decide certain questions, the district court "must . . . decide those questions." Puricelli v. Republic of Argentina, 797 F.3d 213, 218 (2d Cir. 2015). In determining whether the terms of a mandate "have been scrupulously and fully carried out," we "consider both the express terms and broader spirit of the mandate." Id. (internal quotation marks omitted). Here, the district court concluded that ascertaining the precise date on which Schneider learned of the 2008 award was unnecessary because, for purposes of deciding his motion, the court would accept Schneider's contention that he did not learn of the award until June 11, 2009, which Philips Lighting did not dispute. Schneider can hardly claim that he was prejudiced where a question of fact is assumed—rather than conclusively decided—in his favor. Moreover, the core concern expressed in this court's mandate was with "the amount of the judgment," specifically, whether that amount "is based on mistakes or omissions." Schneider I, 395 F. App'x at 799. On remand, the district court did modify the original award in light of additional information about Eltron's bankruptcy proceedings. Thus, we reject Schneider's mandate challenge as meritless.

3

2. Rule 60(b) Relief Is Not Warranted

Schneider argues that the district court erred in declining to vacate the 2008 award under Rule 60(b)(1), (b)(3), or (b)(6).[1] Our review is limited to abuse of discretion, see United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009), which is not evident here.

Citing United States v. Cirami, 563 F.2d 26 (2d Cir. 1977), and Vindigni v. Meyer, 441 F.2d 376 (2d Cir. 1971), Schneider argues that he is entitled to relief under Rule 60(b)(6) based on the failure of Philips Lighting's counsel to inform Schneider of the 2008 award despite having reason to believe that his counsel had disappeared. Cirami and Vindigni, however, do not support such a result. Although in both cases the court faulted opposing counsel and the district court for failing to contact a party directly after being unable to reach that party's counsel, Rule 60(b)(6) relief was granted in those cases because (1) the party whose counsel disappeared had acted diligently in attempting to

---

[1] Rule 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

contact his attorney, and (2) the interest in deciding the case on the merits outweighed the interest in finality.[2]  That is not this case.

The remand record demonstrates that Schneider made no attempt to contact his attorney for over two years.  See J.A. 592, 603–05.  Insofar as Schneider alleges that his father tried to contact his attorney on his behalf, that is insufficient to establish Schneider's diligence, particularly where (1) Schneider failed to take any action even when he believed that his father was having trouble contacting his attorney, see J.A. 606–08; and (2) he received no assurances from his attorney, either directly or indirectly, that he was adequately handling Schneider's case, cf. United States v. Cirami, 563 F.2d at 34 (noting that plaintiff, whose counsel failed to oppose summary judgment, "frequently inquir[ed] about the status of his lawsuit" and received "assurances from his attorney, relayed by his accountant, that the matter was in hand").  Nor was it sufficient for Schneider to rely on generalized assurances from an attorney who served as a law clerk for the New York state courts, but who had no knowledge regarding Schneider's case or his absent attorney.  Accordingly, the district court did not abuse its discretion in

---

[2] See United States v. Cirami, 563 F.2d at 33–35 (concluding that Rule 60(b)(6) relief was warranted where attorney failed to oppose summary judgment due to psychological disorder, plaintiff tried "on several occasions" to contact his attorney and, when unable to reach him, asked his accountant to contact attorney on his behalf, who assured him that case was being handled properly); Vindigni v. Meyer, 441 F.2d at 377 (remanding for evidentiary hearing on Rule 60(b)(6) motion where plaintiff's attorney disappeared, resulting in dismissal of complaint, and plaintiff stated in affidavit that he "tried diligently to find" his attorney over course of eighteen months); see also Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015) (explaining that this court has "recognized as bases for Rule 60(b) relief an attorney's disappearance . . . where the party tried diligently to contact his or her attorney" (internal quotation marks omitted)).

5

concluding that Schneider failed to establish "extraordinary circumstances" warranting Rule 60(b)(6) relief. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

Schneider further contends that the district court erred in denying him Rule 60(b)(1) relief because it only considered whether the disappearance of Schneider's attorney resulted in prejudice with respect to the timing and content of his Rule 60(b) motion, and failed to consider prejudice from losing the opportunity to appeal the 2008 award. We are not persuaded. Schneider's own lack of diligence in defense of this action during the approximately eight months he was ignorant of the 2008 award contributed to his lost opportunity to appeal, see Fed. R. App. P. 4(a)(1), (6); a party who "fails to act with diligence" cannot "demonstrate that his conduct constituted 'excusable neglect'" under Rule 60(b)(1), State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004).

Nor is Schneider entitled to relief under Rule 60(b)(3). Schneider charges Philips Lighting's counsel with fraud or misconduct in pursuing inflated damages of $578,635.14 against him without informing the district court that (1) before commencing this action, it had executed a 2004 stipulation with Eltron indicating an indebtedness of only $468,635.14; and (2) it had received approximately $56,236.21 in bankruptcy distributions from Eltron. Philips Lighting does not dispute either fact.

Nonetheless, Schneider has failed to establish how Philips Lighting's alleged omissions prevented him from "fully and fairly presenting his case," as required to warrant Rule 60(b)(3) relief. State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d at 176 (internal quotation marks omitted). First, in moving for summary

6

judgment in 2007, not only did Schneider not dispute that Eltron owed Philips Lighting $578,635.14 as of October 2002, but he also did not inform the district court of the stipulation or distributions despite the fact that his counsel had knowledge of what occurred in the bankruptcy proceedings by virtue of representing Schneider's brother, Theodore Schneider, in those proceedings. See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d at 176 (explaining that party cannot claim it was prevented from presenting its case where it also had access to information allegedly withheld by opposing party). Second, and in any event, on remand the district court did grant Schneider partial relief by reducing the damages owed by Schneider under the Guaranty Agreement from $289,317.57 (half of the originally claimed $578,635.14) to $206,199.47 (half of $468,635.14 less $56,236.21). See Fed. R. Civ. P. 60(b)(5) (permitting relief from judgment where "judgment has been satisfied, released or discharged . . . or applying it prospectively is no longer equitable"). In these circumstances, Philips Lighting's alleged pursuit of an inflated damages claim does not support Rule 60(b) vacatur of the district court's liability determination under the Guaranty Agreement or its modified award.[3]

Because Schneider is not entitled to Rule 60(b) relief, we need not address his request for reassignment to a different district judge on remand. We also decline Schneider's invitation to review de novo the district court's 2008 award. See Branum v.

---

[3] No different conclusion is warranted under Rule 60(d)(3). See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d at 176 (explaining that Rule 60(d)(3) relief for fraud on the court also requires showing that opposing party was prevented from "fully and fairly presenting his case" (internal quotation marks omitted)).

Clark, 927 F.2d 698, 704 (2d Cir. 1991) ("An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal."); accord In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d 353, 357 (2d Cir. 2013).

3.    Post-Judgment Interest

Schneider asserts that, if the challenged judgment is affirmed, post-judgment interest should run from the date on which this court issues its mandate, rather than October 10, 2008—the date on which judgment was entered following the 2008 award in favor of Philips Lighting. In particular, he argues that the "sharp litigation tactics" of Philips Lighting required the Schneider I remand, thereby delaying the finality of the proceedings, and, under New York law, courts may equitably toll the accrual of post-judgment interest where dilatory action by the judgment creditor delays the payment of judgment. Appellant Br. 89.

Schneider's argument fails because 28 U.S.C. § 1961, not state law, governs post-judgment interest. See Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (explaining that, in diversity cases, state law governs award of pre-judgment interest, and federal law governs award of post-judgment interest). Under § 1961, an award of post-judgment interest is mandatory, see 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."), and courts calculating such interest "do not enjoy some amorphous equitable power to select a date other than the 'date of the entry of the judgment' to trigger the running of interest, even if their laudable aim is to effectuate the compensatory purpose of the postjudgment interest

8

statute," Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994). Here, Schneider does not dispute that October 10, 2008, is the date on which judgment was entered for purposes of § 1961, see Adrian v. Yorktown, 620 F.3d 104, 107–08 (2d Cir. 2010) (explaining that post-judgment interest under § 1961 runs from date on which judgment is "ascertained in a meaningful way and supported by the evidence" (internal quotation marks omitted)), and, thus, that is the operative date on which pre-judgment interest ceases to accrue and post-judgment interest begins to accrue.[4]

Finally, Schneider contends that the district court erred in awarding post-judgment interest at the 9% rate applicable under New York law, rather than the 1.59% rate that applies under § 1961. That contention, however, is belied by the district court's amended judgment entered on October 2, 2014. That amended judgment makes clear that the 9% interest rate applies only to the pre-judgment period: October 3, 2003, through the date on which judgment was entered for the district court's award of summary judgment in favor of Philips Lighting, October 10, 2008. Accordingly, Schneider's argument is meritless.

---

[4] We note that the judgments entered on October 10, 2008 and October 2, 2014, do not explicitly provide for post-judgment interest, but state that Philips Lighting is entitled to pre-judgment interest for the period October 3, 2003 to October 10, 2008. On appeal, neither party challenges the judgment on this basis.

9

4.      Conclusion

We have considered Schneider's remaining arguments and conclude that they are without merit.  Accordingly, the district court's judgment is AFFIRMED.

                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, Clerk of Court